John Edward HAWKINS,
Plaintiff-Appellant,

v.

Sgt. Frederick T. POOLE and Sgt. Donald L. Cleiman, et al.,
Defendants-Appellees.

No. 83–1646.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 11, 1985.
Decided Dec. 16, 1985.

Thomas J. McCarthy, Jenner & Block, Chicago, Ill., for plaintiff-appellant.

Lisa Struif, Asst. State's Atty., Clair County, Belleville, Ill., for defendants-appellees.

Before WOOD, COFFEY and RIPPLE, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

In reversing and remanding on procedural grounds this 42 U.S.C. § 1983 case initially brought pro se by a state pretrial detainee against his county jailers we do not intend to imply an opinion one way or the other as to its merits. We hold only that summary judgment cannot be bent to so conveniently dispose of a prisoner case which may be viewed by some as having little import.

In November, 1978, the plaintiff John Edward Hawkins was arrested and charged with armed robbery and lodged in the St. Clair County Jail in Illinois. Sometime in the evening of January 29, 1979, Sgts. Frederick T. Poole and Donald L. Cleiman of the St. Clair Sheriff's Department accosted Hawkins in his cell and ordered him to bring his personal belongings as he was to be moved to a segregation cell in the maximum security block of the jail. No hearing or grievance procedure was afforded, nor, according to Hawkins, even a simple explanation given. Instead Hawkins was, he claims, threatened with bodily harm by the officers if he did not obey. However, his resulting segregation, which was not without at least some of the usual privileges afforded prisoners in the general population, lasted only four days.

After the short period of segregation terminated, Oliver E. O'Kier, Chief of the Bureau of Detention Standards and Services of the State of Illinois Department of Corrections, in response to a letter from Hawkins complaining about the incident, replied that a representative of his office, Mr. Wells, had investigated the matter. O'Kier's letter concluded:

> As a result of that discussion, the Jail Superintendent stated to Mr. Wells your allegation was a true representation of the facts in that you did not receive the required disciplinary hearing prior to being placed in disciplinary segregation. The Jail Superintendent also stated he would ensure proper grievance and disciplinary procedures are followed.

Hawkins claims that thereafter he attempted to follow up and take advantage of that assurance of a grievance procedure, but that Sgts. Poole and Cleiman prevented it.

This suit followed in which Hawkins alleged that his segregation in a maximum security cell without notice, hearing, or stated justification violated his right to due process and equal protection under the Fourteenth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment.

Defendants moved for summary judgment and the magistrate entered judgment dismissing Hawkins' pro se complaint, finding there were no material fact disputes "which would justify a trial." The magistrate stated four grounds in support of the dismissal. First, it was emphasized that the jailers must be given wide discretion over the institutions they manage. Second, the moving of Hawkins from one cell block to another was not a sufficient deprivation to support a constitutional violation. Third, the verbal abuse that Hawkins alluded to at the time of the incident could not constitute a 42 U.S.C. § 1983 claim. Finally, the magistrate chose not to believe some additional allegations about a 1975 physical beating inflicted by Sgt. Poole on Hawkins which was added to the case only by Hawkins' affidavit in opposition to summary judgment.

We are in full agreement with the magistrate on his first stated reason given to

justify the dismissal; but we are concerned about the second, third, and fourth reasons being resolved by summary judgment on the basis of this record.

Considering the pro se status of the case the additional allegations contained in Hawkins' affidavit deserved consideration. Hawkins alleged that in 1975 he had suffered a beating at the jail at the hands of Sgt. Poole and other jail officers. He claims that at that time he was beaten for a period of about two hours with flash lights and night sticks following which Sgt. Poole and others dragged him to "the hole," a four-by-five-foot cubicle without bedding or toilet facilities. Hawkins further claims he suffered several physical injuries from that beating. Sgt. Poole, Hawkins says, threatened his life if he exposed Sgt. Poole's participation in that episode. For a period of years, Hawkins alleges, Sgt. Poole harassed and beat other prisoners in this jail.

█ The contents of Hawkins' affidavit when read in conjunction with the complaint allegations of the physical threats of Sgts. Poole and Cleiman in this case cannot be ignored. The additional allegations of a prior beating contained in Hawkins' affidavit coupled with the threats alleged in his complaint suggest the possibility that there may have been more to the incident than the mere moving of Hawkins from one cell block to another as characterized by the magistrate. The magistrate chose to disregard the affidavit allegations on the basis that it was inconceivable that Hawkins had forgotten about the alleged prior beating at the time he filed this complaint, and therefore he should have included them in his original complaint. In other words the magistrate did not believe Hawkins' affidavit allegations. Credibility, however, is not an issue to be determined by summary judgment. The defendants failed to respond to these particular charges.

█ This record is sufficient, considering all its elements, to raise the issue of wheth-

er the segregation, as brief and limited as it was, constituted intentional punishment inflicted by the officers in bad faith. This record is devoid of any suggested justification whatsoever for the segregation. Nor at oral argument was defendants' counsel able to suggest any justification. It is not enough merely to say that the court should not interfere in the administration of the jail, and that the segregation was not as severe as it might have been. We will interfere when there is constitutional justification.

█ A pretrial detainee is a defendant in a criminal case who has not been convicted, but is awaiting trial in a place of confinement where the state can be sure to find him at the appropriate time. *Bell v. Wolfish*, 441 U.S. 520, 538–39, 99 S.Ct. 1861, 1873–74, 60 L.Ed.2d 447 (1979), considers the status and rights of pretrial detainees. It must be determined whether restrictions and conditions accompanying pretrial detention constitute punishment in the constitutional sense of the word. It is up to the court to decide whether the disability is imposed for the purpose of punishment or is imposed only as incident of some other legitimate government purpose. However, if the restriction or condition is not reasonably related to a legitimate governmental goal, or is arbitrary, then there is a permissible inference that it is punishment. Due process prohibits the punishment of a pretrial detainee. 441 U.S. at 535, n. 16, 99 S.Ct. at 1872 n. 16.[1] Officials of a detention facility cannot justify punishment of a pretrial detainee. 441 U.S. at 539, n. 20, 99 S.Ct. at 1874, n. 20. We must be aware, however, that there is a *de minimis* level of imposed disability with which the constitution is not concerned, but the magistrate did not analyze this possible punishment issue on that basis since he disregarded the pertinent allegations. *Ingraham v. Wright*, 430 U.S. 651, 674, 97

---

1. We do not reach the Eighth Amendment claim of cruel and unusual punishment as that is not applicable to pretrial detainees, only to sentenced inmates. 441 U.S. at 535, n. 16, 99 S.Ct. at 1872, n. 16.

S.Ct. 1401, 1414, 51 L.Ed.2d 711 (1977). Considering all of the allegations there may be more to this case than the mere moving of Hawkins from one cell to another for some unknown reason about which we should not inquire.

It was held in *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), that a state prisoner after conviction (not merely a pretrial detainee) is entitled to a hearing before confinement in segregation or otherwise it may violate due process in the absence of emergency conditions in the institution. Like the Supreme Court in *Hughes,* we intend to express no views on the merits of Hawkins' allegations; but the pro se complaint together with the other allegations were "adequate at least to require some response from the defendants by way of affidavit or otherwise." 449 U.S. at 12, 101 S.Ct. at 177. The defendants responded, but avoided responding to the issue which we have here briefly considered.

Sheriff Raymond Herr was also named as defendant and moved for dismissal on the ground that Hawkins' complaint contained no allegation of his personal involvement in the segregation episode. Since respondeat superior does not apply to civil rights actions under section 1983, *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir.1983), the Sheriff argued that he should be dismissed. The magistrate, dismissing the underlying claims against Sgts. Poole and Cleiman, did not reach Sheriff Herr's motion; nor do we on its merits. But, in view of the disposition of this case as to the other officers, the dismissal of Sheriff Herr is hereby vacated.

We reverse as to Sgts. Poole and Cleiman, vacate the dismissal of Sheriff Herr, and remand for further proceedings not inconsistent with this opinion with directions to the magistrate to permit Hawkins to amend his pro se pleadings, if leave to do so is sought. Circuit Rule 18 shall not apply.

REVERSED AND REMANDED.