**Jorge L. MARTINEZ, Appellant,**

**v.**

**C.A. TURNER, Warden, Medical Center for Federal Prisoners; D. Counts, Unit Manager, Medical Center for Federal Prisoners; Jack Smith, Case Manager, Federal Medical Center for Federal Prisoners; L.J. Daugherty, Counselor, Medical Center for Federal Prisoners; W. Hensley, Lieutenant, Medical Center for Federal Prisoners; A. Clark, Lieu-**

tenant, Medical Center for Federal Prisoners; G. Martinia, Lieutenant, Medical Center for Federal Prisoners; Shaw, Correctional Officer, Medical Center for Federal Prisoners; Crom, Correctional Officer, Medical Center for Federal Prisoners; E.J. Blades, Correctional Officer, Medical Center for Federal Prisoners; Dr. William Francis, Medical Center for Federal Prisoners; George Cordivin, Dr., Medical Center for Federal Prisoners; E. Wetzel, Dr., Medical Center for Federal Prisoners; J.W. Clawson, Dr., Medical Center for Federal Prisoners; G. Rose, Nurse, Medical Center for Federal Prisoners; Coursen, Nurse, Medical Center for Federal Prisoners; G. Diullo, Physical Therapist, Medical Center for Federal Prisoners, Appellees.

No. 91–3714.

United States Court of Appeals, Eighth Circuit.

Submitted July 22, 1992.

Decided Oct. 8, 1992.

should she file a new claim for SSA disability benefits."

**422**

Appellant proceeded pro se.

Alleen S. Castellani, Asst. U.S. Atty., Kansas City, Mo., argued, for appellees.

Before BEAM, Circuit Judge, BRIGHT, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Jorge L. Martinez appeals the district court's order dismissing his pro se complaint, before service of process, as frivolous under 28 U.S.C. § 1915(d) (1988). We affirm in part and reverse in part.

Martinez asserted in his *Bivens*-type[1] complaint that his due process rights as a pretrial detainee confined in the United States Medical Center for Federal Prisoners (USMCFP) were violated when USMCFP officials (1) failed to provide proper medical care for a dislocated shoulder; (2) placed him in administrative segregation after he refused a work assignment because of his shoulder and his status as a pretrial detainee; and (3) ordered that he be force-fed after the seventh day of his hunger strike.[2] Martinez sought leave to file his complaint in forma pauperis. The district court denied Martinez leave and

---

1. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized a cause of action for damages against federal officials for fourth amendment violations. In *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), *Bivens* was extended to actions arising under the due process clause of the fifth amendment.

2. Martinez also alleged that his constitutional rights were violated when he was placed in administrative segregation after an officer told him he would not be; he was transferred from USMCFP while on his hunger strike after an officer told him he would not be; and the warden opined, without proper expertise, that Martinez could withstand five to seven days without food. These allegations clearly fail to describe the violation of a constitutional right.

dismissed his complaint for "lack of any substantial merit."

■ A district court may dismiss a complaint under 28 U.S.C. § 1915(d) if it is frivolous. A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). It lacks an arguable basis in law if the claim is based on an indisputably meritless legal theory. *Id.* at 327, 109 S.Ct. at 1832. A district court's section 1915(d) dismissal is reviewed by this court for abuse of discretion. *Denton v. Hernandez*, — U.S. —, —, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

■ Martinez's first and third claims lack an arguable basis in law. To state a constitutional claim for inadequate medical care, Martinez must demonstrate that the officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Attachments to Martinez's pleadings reveal that Martinez's shoulder was treated. Although Martinez may disagree with the treatment he received, an inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim. *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985).

■ Martinez's claim that he was force-fed also fails to state a constitutional claim. The mere allegation of forced-feeding does not describe a constitutional violation. Bureau of Prison regulations authorize medical officers to force-feed an inmate if they determine that the inmate's life or permanent health is in danger. *See* 28 C.F.R. § 549.60–549.66 (1991). Attachments to Martinez's pleadings reveal that USMCFP medical officers determined that forced-feeding was necessary to his health. Martinez's allegation that a district court ordered the forced-feedings discontinued is unfounded; the record reveals that the district court merely issued an order deleting, without explanation, a paragraph from a previous order requiring that Martinez be force-fed.

■ Martinez's second claim—that he was denied due process when placed in administrative segregation for refusing to work—does not lack an arguable basis in law and, therefore, should not have been dismissed prior to service of process. Pretrial detainees are presumed innocent and may not be punished. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 1871, 60 L.Ed.2d 447 (1979). The determination whether a particular restriction or condition accompanying pretrial detention is punishment turns on whether the restriction or condition is reasonably related to a legitimate governmental objective. *Id.* at 538–39, 99 S.Ct. at 1873–74. Requiring a pretrial detainee to work or be placed in administrative segregation is punishment. *Chestnut v. Magnusson*, 942 F.2d 820, 823 (1st Cir.1991) (citing *McGinnis v. Royster*, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973)); *Bell v. Wolff*, 496 F.2d 1252, 1254 (8th Cir.1974). Requiring a pretrial detainee to perform general housekeeping chores, on the other hand, is not. *Bijeol v. Nelson*, 579 F.2d 423, 425 (7th Cir.1978). Moreover, federal regulations provide that a pretrial detainee may not be required to work in any assignment or area other than housekeeping tasks in the detainee's own cell. 28 C.F.R. § 545.23(b) (1991). The mandatory language of this regulation may give rise to a predictable liberty interest. *See Hewitt v. Helms*, 459 U.S. 460, 471–72, 103 S.Ct. 864, 871–72, 74 L.Ed.2d 675 (1989). The district court could not, on the basis of the record before it, determine what, if any, work was being asked of Martinez. His claim was not indisputably meritless, and should not have been dismissed as frivolous.

Accordingly, we affirm the district court's dismissal of all Martinez's claims except his claim that he was denied due process when placed in administrative segregation for refusing to work. We reverse the dismissal of that claim and remand for reinstatement in the district court and ser-

vice of process on the defendants.[3]

---

**3.** Appellant's pending Motion to Appoint Counsel is referred to the district court for appropriate action.