16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Anthony KORDECKI, Plaintiff-Appellant,
v.
Paul NOBLES, et al., Defendants-Appellees.
 No. 93-1087.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1993.*
Decided Dec. 22, 1993.
Rehearing Denied May 5, 1994.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Anthony Kordecki was stopped for driving with an expired registration and taken into custody after he refused to post bond. En route to the jail, Kordecki advised the officer that he suffered from a seizure disorder and needed his medication because he was experiencing symptoms that signal the onset of a seizure. The officer drove to Kordecki's home where he obtained the medication. Upon arrival at the jail, Kordecki was placed in a single cell rather than a group holding cell because he refused to cooperate with certain booking procedures. The booking process was eventually completed early the following morning and Kordecki was released shortly before his scheduled court appearance. Kordecki sued deputy sheriff, Nobles, two jailers from the sheriff's department, and Kenosha County under 42 U.S.C. Sec. 1983 for violating his constitutional rights. The district court granted summary judgment for the defendants and Kordecki appeals.
 
 
 2
 Pretrial detainees have a constitutional right under the due process clause of the Fourteenth Amendment to be free from all "punishment." Bell v. Wolfish, 441 U.S. 520, 535 (1979). Conduct that is deliberately indifferent to the serious medical needs of a pretrial detainee violates due process. Salazar v. City of Chicago, 940 F.2d 233, 239 (7th Cir.1991) (specifically applying this standard to a pretrial detainee's claim of inadequate medical care); see Brownell v. Figel, 950 F.2d 1285, 1289 (7th Cir.1991). According to Kordecki he was deprived of adequate medical care because he received only one of his prescription pills when he should have received two. That he did not receive the proper dosage, he contends, raises a material dispute as to whether the jailers contacted his physician as they claimed. The very fact that Kordecki received his prescription medicine, however, shows that the defendants were not totally unconcerned with his welfare. At most, the manner in which they administered it evinces negligence and this is insufficient to establish the requisite culpable state of mind. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Salazar, 940 F.2d at 238 (even a "gross" error is still only an error, not an abuse of power and not a violation of due process).
 
 
 3
 Kordecki also claims that his placement in a single cell (which he characterizes as "segregation") overnight was a form of punishment. In compliance with prison policy a conduct report was prepared explaining that Kordecki was placed there due to his uncooperative behavior. Conceding that he refused to cooperate with booking procedures, Kordecki asserts that this was insufficient justification for isolating him. Only if the restriction or condition is not reasonably related to a legitimate governmental objective, or is arbitrary, will its imposition permit an inference of punishment. Hawkins v. Poole, 779 F.2d 1267, 1269 (7th Cir.1985). Here the decision to place Kordecki in a separate cell was not arbitrary, but based on his uncooperative behavior. Neither can we say that the defendants' action--with its stated purpose of preventing a potential disturbance--was "so totally without penological justification that it resulted in the gratuitous infliction of suffering." See Gregg v. Georgia, 428 U.S. 153, 183 (1976).
 
 
 4
 Even if Kordecki's uncooperative behavior in the booking process justified his placement in a single cell he argues that once he was booked he should not have been returned to isolation without a hearing of some kind. It is not clear whether the full procedural protections afforded by Wolff v. McDonnell, 418 U.S. 539 (1974), apply when pretrial detainees are placed in isolation, or whether temporary segregation merits only an informal nonadversary review, Hewitt v. Helms, 459 U.S. 460 (1983). Walker v. Navarro County Jail, 4 F.3d 410, 412 (5th Cir.1993) (discussing Pembroke v. Wood County, Tex., 981 F.2d 225, 229 (5th Cir.), which holds that "the use of punitive isolation without affording due process is unacceptable and violates the 14th Amendment"), cert. denied, 113 S.Ct. 2965 (1993); Martinez v. Turner, 977 F.2d 421, 423 (8th Cir.1992) (requiring a pretrial detainee to work or be placed in administrative segregation is punishment implicating due process protections), cert. denied, 113 S.Ct. 1658 (1993); see also Hawkins, 779 F.2d at 1270 (raising possible due process violation where pretrial detainee confined without hearing to segregation allegedly for punitive reasons). However, we need not decide the issue here. Given the brief duration of this period of isolation--approximately 4 hours--it was not punishment sufficiently grave to implicate due process concerns. E.g., Hause v. Vaught, 993 F.2d 1079, 1086 (4th Cir.1993) (pretrial detainee who was "deadlocked" in his cell one hour earlier than others was not sufficiently severe punishment to implicate due process concerns).
 
 
 5
 Finally, Kordecki contends that the district court erred when it denied his claim that his due process and equal protection[2] rights were violated when he was not given the option of release without bond. He does not--and rightfully so--claim that the due process clause itself offers substantive protection against the conditioning of release after lawful arrest--even for traffic violations--upon posting of a bond. Woods v. City of Michigan City, Ind., 940 F.2d 275, 283-85 (7th Cir.1991) (Will, J., concurring); Gladden v. Roach, 864 F.2d 1196, 1200 (5th Cir.1989). Rather, he credits his claimed entitlement to state law which, contrary to the Kenosha County Sheriff's policy, provides for release without bond. For purposes of the due process clause, a protected liberty interest may be derived from a state statute or rule containing "explicitly mandatory language" providing specific directives which dictate a particular outcome if certain substantive predicates are met. Kentucky Dept. of Corrections v. Thompson 490 U.S. 454, 463 (1989). Wisconsin statute Sec. 345.23,[3] upon which the Kenosha policy is based does not however mandate that a traffic violator be released without bond, but rather provides it as an option to release after bond is posted. As such, it does not create a liberty interest protected by due process. Cf. Woods, 940 F.2d at 283-85 (mandatory language in Indiana's "sign and go" misdemeanor traffic violation statute created a liberty interest). Thus, to the extent Kordecki argues that the Kenosha policy conflicts with the state statute by not adopting the discretionary provision from Wis.Stat. Sec. 345.23(1), it is irrelevant. See Olim v. Wakinekona, 461 U.S. 238, 248-51 (1983) (violation of state law is not cognizable under Sec. 1983); Archie v. Racine, 847 F.2d 1211, 1216-18 (7th Cir.1988) (en banc), cert. denied, 489 U.S. 1065 (1989).
 
 
 6
 For the forgoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Plaintiff-Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [2]
 With respect to the equal protection aspect of this claim, we note that it was not raised before the district court and thus may not be considered on appeal. Dixon v. Chrans, 986 F.2d 201, 203 (7th Cir.1993)
 
 
 [3]
 Sec. 345.23 provides: "If a person is arrested without a warrant for a violation of a traffic regulation, the arresting officer shall issue a citation under Sec. 345.11 and in addition: (1) May release the person; or (2) Shall release the person when he or she [posts the required bond]. Wis.Stat. Sec. 345.23 (1991-92)