Paul FERGUSON, Plaintiff,

v.

CAPE GIRARDEAU COUNTY, Norman Copeland, Ripley County, Nick Pepmiller, Harold Headly, Irene Burghardt, Ray Segatti and Log Cabin Realty/Century 21, Defendants.

No. S91–48C(8).

United States District Court,
E.D. Missouri,
Southeastern Division.

April 12, 1995.

Jerry W. Venters, Venters and Pletz, Jefferson City, MO, for plaintiff.

John F. Cooney, Evans and Dixon, St. Louis, MO, for defendants.

## ORDER

STOHR, District Judge.

Plaintiff, currently a Missouri prison inmate incarcerated in the Jefferson City Correctional Center, has brought this five-count complaint asserting claims of several kinds. Counts I through IV are claims pled pursuant to 42 U.S.C. § 1983 against Cape Girardeau and Ripley Counties and several of their Sheriff's Departments' personnel, alleging violations of plaintiff's constitutional rights while a pretrial detainee. All claims against Cape Girardeau County and its sheriff, defendant Norman Copeland, have been resolved in those defendants' favor by partial summary judgment entered September 10, 1993; these include portions of Counts I, III and IV, and the entirety of Count II of the complaint. Count V is a state law conversion claim pled against the Ripley County defendants, an individual named Ray Segatti, the Log Cabin Realty/Century 21 real estate agency, and another individual named Irene Burghardt. Plaintiff voluntarily dismissed his claim against Ray Segatti on August 30, 1994.

Service has never been properly effected on Log Cabin Realty, despite the Court's indulgence as to additional time in which to attempt service, well beyond the time limitation of Fed.R.Civ.P. 4(m). Most recently, on September 19, 1994, the Court found plaintiff's return of service on the agency to be defective in several respects, and the return was stricken. The Court file reflects no subsequent attempts at service nor any further requests for extensions of time in which to attempt service. Pursuant to Rule 4(m), the Court will therefore dismiss Count V insofar as it asserts claims against defendant Log Cabin Realty/Century 21.

Now before the Court are potentially dispositive motions filed by each of the remaining defendants. The Ripley County defendants—the county itself, its former Sheriff Nick Pepmiller and a former Deputy Sheriff Harold Headly—have filed a motion for summary judgment as to all claims asserted against them in Counts I, III, IV and V of the complaint. Counts I, III and IV are conditions of confinement claims. Movants assert that plaintiff's confinement in Ripley County was actually at the municipal jail of Doniphan, Missouri, and not in a facility operated by Ripley County. The motion is supported by the affidavit of the Doniphan police chief, Richard Joiner, evidencing that plaintiff was confined in the Doniphan City Jail during the relevant period, from April 4, 1989 through May 17, 1989, when he was transferred to the Cape Girardeau County Jail. The affidavit of the County Clerk of Ripley County states that Ripley County and its Sheriff's Department have no responsibility for the operations of the Doniphan City Jail, which is maintained by the City of Doniphan Police Department. Defendants Pepmiller and Headly have filed their affidavits attesting that the jail facilities of Ripley County and the City of Doniphan are separately maintained and operated, attesting that neither of them has ever been employed in or otherwise responsible for the operations of the Doniphan City Jail, and attesting that neither defendant had any personal involvement in the conditions of plaintiff's confinement at the Doniphan City Jail. The affidavits admit, however, that the Ripley County Sheriff's Department had a role in the provision of medical care to inmates at the Doniphan City Jail, i.e., that it (1) arranged medical appointments upon notification by the jail that an inmate requested medical attention, (2) transported inmates to medical appointments, and (3) obtained prescription medications.

Plaintiff asserts in opposition to the motion that he was a Ripley County detainee held in the Doniphan City Jail under contract with the County, and that the Ripley County defendants are liable for their deliberate indifference to plaintiff's serious medical needs, for which Ripley County retained responsibility. The Court rejects out of hand plaintiff's unsupported assertion that Ripley County retained general responsibility for the conditions of plaintiff's confinement while in custody of another law enforcement authority.[1]

---

1. The record suggests that defendant Headly and     a dispatcher with the Doniphan Police Depart-

Other than by this contention, plaintiff's response fails to address those portions of Count I which concern conditions of confinement other than medical care, and to address Counts III and V, which are based entirely on conditions of confinement other than medical care. The motion for summary judgment establishes that the Ripley County defendants had no actual involvement in or responsibility for these other aspects of plaintiff's confinement. On that basis, the Court will grant Ripley County, Pepmiller and Headly summary judgment with respect to all these claims.

The sole medical-related claim pled in the complaint is the allegation in Count I that plaintiff was denied treatment for eight hours after he requested medical assistance for chest pains. The complaint fails to specify the date on which this delay in medical attention allegedly occurred, and does not contain factual allegations specifying that either individual defendant was personally involved in and responsible for the delay. Although Count I alleges that the Ripley County Sheriff's Department was aware of his history of heart trouble, it does not allege that the named defendants had any knowledge of the specific request for medical attention which is at issue.

■ As movants' point out, *respondeat superior* is not a basis for the County's liability under § 1983. *See, e.g., Givens v. Jones,* 900 F.2d 1229, 1233 (8th Cir.1990). As a government entity, Ripley County is liable under § 1983 for damages for constitutional violations only to the extent that such violations are the result of an official policy of the county, a contention which plaintiff has not pled and offers no proof to support. *See, e.g., McCuen v. Polk County, Iowa,* 893 F.2d 172, 173 (8th Cir.1990). Plaintiff's allegations do not, even if true, support a finding of liability against Ripley County.

■ Without allegations of the individual defendants' personal involvement in the alleged deprivation of plaintiff's rights, neither can they be found liable under § 1983.

Individual liability of government officials under § 1983 must be predicated on "a causal connection between the misconduct complained of and the official sued." *Harris v. Pirch,* 677 F.2d 681, 685 (8th Cir.1982), quoted with approval in *Wilson v. City of North Little Rock,* 801 F.2d 316, 322 (8th Cir.1986). Plaintiff points to notations in the Doniphan City Jail Medication Log indicating that on April 17, 1989, a message was relayed to the "Sheriff's office" that plaintiff and another prisoner requested doctor's appointments. This does not establish the personal knowledge of either individual defendant, and plaintiff fails to assert or demonstrate that this was the occasion of the alleged eighthour delay in treatment referred to in Count I. Plaintiff also asserts, without evidentiary support, that a reference in an April 13, 1989 entry to "510" represents defendant Pepmiller's radio code and indicates that Pepmiller was advised that plaintiff was experiencing chest pains. Again, plaintiff fails to show that this was the occasion of the eight-hour delay.

■ Furthermore, in order to establish a constitutional violation on the basis of inadequate medical care, plaintiff must allege acts or omissions that reveal "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Neither "a mere negligent failure to diagnose or treat a condition" nor "an alleged delay in the receipt of medical treatment" is sufficient to state a claim of deliberate indifference. *Taylor v. Bowers,* 966 F.2d 417, 421 (8th Cir.1992). Furthermore, "an inmate's mere disagreement with the course of medical treatment he received does not give rise to a constitutional claim." *Martinez v. Turner,* 977 F.2d 421, 423 (8th Cir.1992); *Martin v. Sargent,* 780 F.2d 1334, 1339 (8th Cir.1985). Plaintiff admitted in his deposition testimony that he was eventually seen by a doctor, eight hours after his initial request, at which time the doctor found that plaintiff did not require immediate medical attention. As a matter of law, this delay does not, without more, violate

---

ment executed a writ of extradition and returned plaintiff to Missouri from Florida on April 4, 1989, and that the arrest/booking were processed

by the Doniphan Police Department, which subsequently detained plaintiff in their city jail.

plaintiff's constitutional rights. For these reasons as well, the remainder of Count I asserting plaintiff's medical claim is subject to summary judgment in defendants' favor.

Count V is pled as a state law conversion claim which names all three Ripley County defendants and defendant Burghardt. During his detention on the charges for which he is now incarcerated, a home owned by plaintiff was sold to defendant Burghardt following foreclosure. The alleged basis for the Ripley County defendants' liability under Count V is that defendant Headly received a telephone call concerning the "valuable nature of property in the plaintiff's house" and "informed the caller that the owner of the property was unknown," and also that shortly thereafter "the sheriff arrived at the house and removed a box of writings and accounts." [2] Complaint, p. 10. Count V posits Ms. Burghardt's liability based on the allegation that she disposed of or sold personal property belonging to plaintiff which remained in the home at the time she purchased it.

Defendant Burghardt has filed a motion to dismiss the remainder of Count V for lack of subject matter jurisdiction. Ms. Burghardt's motion correctly asserts that there exists no federal question jurisdiction over Count V and that plaintiff has not asserted the existence of diversity jurisdiction, and so argues that the Court lacks subject matter jurisdiction over Count V. The Court must consider, however, the potential for supplemental jurisdiction, which is the species of subject matter jurisdiction urged by plaintiff.[3]

■ The Court finds, however, that supplemental jurisdiction does not exist over Count V. A review of the allegations made in support of the claim persuades the Court that the conversion claim does not fall within the statutory scope of such jurisdiction under 28 U.S.C. § 1367(a) because it is not "so related to the claims in the action within [the Court's] original jurisdiction that [it] form[s] part of the same case or controversy under Article III of the United States Constitution." Furthermore, even were supplemental jurisdiction found to be proper with respect to Count V, the Court would nonetheless decline to exercise such jurisdiction at this stage of the proceedings, given that it "has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). For these reasons, the remainder of Count V will be dismissed for lack of jurisdiction.

Final judgment will be entered in accordance with the Court's rulings herein. Accordingly,

**IT IS HEREBY ORDERED** that the motion for summary judgment filed by defendants Ripley County, Nick Pepmiller and Harold Headly [Doc. #54] is granted.

**IT IS FURTHER ORDERED** that defendant Irene Burghardt's motion to dismiss complaint for lack of subject matter jurisdiction [Doc. #50] is granted.

### *JUDGMENT*

Pursuant to the order filed herein this day,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that all claims against defendant Log Cabin Realty/Century 21 are dismissed pursuant to Fed.R.Civ.P. 4(m) for lack of timely service.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that summary judgment is entered against plaintiff and in favor of defendants Ripley County, Nick Pepmiller and Harold Headly on all claims asserted against them in Counts I, III and IV.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that Count V, including all claims against defendant Irene

---

2. Were the Court to construe the claim as one under § 1983 with respect to the Ripley County defendants, the claim would fail as a due process claim relating to the alleged deprivation of plaintiff's property, because of the existence of adequate post-deprivation remedies under state law. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). The claim is clearly stated as one under state law, however.

3. The complaint asserts that the Court has "pendent" jurisdiction over Count V. Since December 1, 1990, the concept of pendent jurisdiction has been supplanted by supplemental jurisdiction, defined by statute at 28 U.S.C. § 1367.

Burghardt, is dismissed for lack of subject matter jurisdiction.