OPINION OF THE COURT
HARDIMAN, Circuit Judge.
Zaim Tahiraj-Dauti and Merita Tahiraj-Mamo, husband and wife, petition for review of the orders of the Board of Immigration Appeals denying their requests for reversal of execution of deportation, which were treated as motions to reopen. We will deny their petitions for review.
I.
Because we write exclusively for the parties, who are familiar with the facts and proceedings below, we will not revisit them here. We review the BIA’s denial of a motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); Sevoian v. Ashcroft, 290 F.3d 166, 170-71 (3d Cir. 2002). Such motions are disfavored as a matter of law, and the alien who seeks to reopen bears a “heavy burden” of proof. INS v. Abudu, 485 U.S. 94, 110, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); see also Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir.2004) (holding that discretionary decisions of the BIA will not be disturbed unless they are found to be arbitrary, irrational, or contrary to law).
A.
Tahiraj-Dauti was involuntarily removed from the United States on February 6, 2007. He filed a motion to reopen on February 9, 2007, in spite of a regulation which provides:
a motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States. Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion.
8 C.F.R. § 1003.2(d). Finding § 1003.2(d) a complete bar to Tahiraj-Dauti’s motion to reopen, the BIA deemed the motion withdrawn consistent with the language of the regulation. In an effort to avoid the absolute bar of § 1003.2(d), Tahiraj-Dauti argues that the manner in which he was removed from the United States violated his constitutional right to due process and should negate the fact that he was not present in the country at the time his motion to reopen was denied.[1]
*600 Aliens facing removal are entitled to due process of law, Ezeagwuna v. Ashcroft, 301 F.3d 116 (3d Cir.2002), and Tahiraj-Dauti has a liberty interest against being forcibly medicated. Washington v. Harper, 494 U.S. 210, 229, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990). His right not to be forcibly medicated is not absolute, however, as the Government may sedate detainees for legitimate reasons. See id. at 223-25, 110 S.Ct. 1028. To determine whether Tahi-raj-Dauti’s rights were infringed, we must balance the private interests at stake, the governmental interests involved, and the value of procedural requirements in determining what process is due under the Fourteenth Amendment. Mathews v. El-dridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); Graham v. City of Philadelphia, 402 F.3d 139, 145-46 (3d Cir.2005).
Here, Tahiraj-Dauti’s interest in not being forcibly medicated is significant. Likewise, the Government’s interest in safely and efficiently deporting those who have no legal right to be in the United States is significant. The record is clear that Tahi-raj-Dauti resisted removal and his conduct necessitated the medication; without sedation, Tahiraj-Dauti could not have been removed safely from the country. Moreover, we are aware of no case law in support of Tahiraj-Dauti’s implicit argument that he is constitutionally entitled to a judicial forum before his safe removal from the country could be effectuated. When we balance the Government’s interest in effectuating a safe deportation with Tahiraj-Dauti’s liberty interest, we find no constitutional violation on the facts presented here. See, e.g., McCormick v. Stalder, 105 F.3d 1059, 1062 (5th Cir.1997) (due process does not prevent prison officials from forcing a prisoner to undergo treatment for tuberculosis); Martinez v. Turner, 977 F.2d 421, 423 (8th Cir.1992) (rejecting constitutional challenge to decision by prison officials to force-feed an inmate to preserve his health after a hunger strike); Washington v. Silber, 805 F.Supp. 379, 383-85 (W.D.Va.1992) (allowing forced medication when the prisoner was a danger to himself and others, even though he had not become assaultive at that point).
In light of the foregoing, we hold that the administration of the tranquilizer, even without court order or doctor approval, did not violate Tahiraj-Dauti’s due process rights.[2]
B.
Tahiraj-Mamo was still present in the country at the time her motion to reopen was denied, and thus she was not barred by 8 C.F.R. § 1003.2(d). Nevertheless, her petition is entirely derivative of her husband’s claim. Because Tahiraj-Dauti’s claim fails, so too must Tahiraj-Mamo’s petition for review be denied. See, e.g., Khourassany v. INS, 208 F.3d 1096, 1100 (9th Cir.2000) (holding that if the predicate petition fails, any derivative action must fail).
C.
Finally, Petitioners argue that they were prevented from fully developing their claims before the BIA. But Tahiraj-Dauti does not cite any evidence which would vitiate the application of 8 C.F.R. § 1003.2(d), which we have held is a bar to his motion to reopen. Nor has Tahiraj-Mamo cited any evidence that her motion to reopen was not derivative of her husband’s motion. Accordingly, we find that *601 Petitioners are not entitled to relief on this ground.
For the foregoing reasons, we will deny the petitions for review.

. Tahiraj-Dauti correctly notes that had he been present here, his approved 1-140 petition could have allowed the BIA to reopen his case and adjust his status. Unfortunately for Tahiraj-Dauti, the timing of his motion is a complete bar to this claim.

. The fact that U.S. Immigration and Customs Enforcement subsequently changed its policy to require federal district court approval before an alien could be sedated is a policy decision within its purview that sheds no light on the constitutionality of the prior practice.