579 F.2d 423
 Paul BIJEOL, Plaintiff-Appellant,
v.
William NELSON, Warden of the Metropolitan Correctional
Center, and Capt. John Sullivan, Chief Security Officer,
Metropolitan Correctional Center, and the United States of
America, Defendants-Appellees.
 No. 77-2195.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 5, 1978.
Decided July 13, 1978.
 
 Patrick T. Murphy, Chicago, Ill., for plaintiff-appellant.
 Patrick J. Glynn, Crim. Div., Dept. of Justice, Washington, D.C., for defendants-appellees.
 Before CUMMINGS and WOOD, Circuit Judges, and VAN PELT, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Bijeol appeals the granting of a motion for summary judgment in favor of two officials of the Metropolitan Correctional Center in Chicago. In the judgment and the memorandum opinion of the trial court the "cause is dismissed" as is "Plaintiff's Third Amended Complaint, filed on September 8, 1977. . . ." We affirm.
 
 
 2
 Bijeol was a pretrial detainee unable to afford bond. He was held on a bank robbery charge from January 6, 1976 until October 29, 1976 when he was acquitted by jury verdict. Unlike other pretrial detainees who have complained of unsanitary conditions in detention centers, See Miller v. Carson, 563 F.2d 741 (5th Cir. 1977), Bijeol complains of the fact his living unit was required to be kept clean through the efforts of himself (and other pretrial detainees). Bijeol alleged that his constitutional rights were violated under the First, Fifth, Eighth and Thirteenth Amendments when he was required to perform general housekeeping duties[1] without pay and, when refusing to do so, he was placed in segregation.
 
 
 3
 Bijeol relies upon Duran v. Elrod, 542 F.2d 998, 999 (7th Cir. 1976), which provides that:
 
 
 4
 (A)s a matter of due process, pretrial detainees may suffer no more restrictions than are reasonably necessary to ensure their presence at trial.
 
 
 5
 By the very nature of confinement, restrictions do occur. This has been recognized with respect to convicted prisoners. Pell v. Procunier, 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974); Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Those cases have also been applied to pretrial detainees, Padgett v. Stein, 406 F.Supp. 287 (M.D.Pa.1975). As was recognized in Butler v. Crumlish, 229 F.Supp. 565, 566 (E.D.Pa.1964):
 
 
 6
 (P)ending trial . . . a defendant may be imprisoned in a cell and must submit to the routine of the prison relating to his meals, his exercise and the many other activities of daily life. All these matters, however, are incidental elements in the organized caretaking of the general company of prisoners.
 
 
 7
 A pretrial detainee has no constitutional right to order from a menu or have maid service. Daily general housekeeping responsibilities are not punitive in nature and for health and safety must be routinely observed in any multiple living unit. In this case, the affidavit of a unit manager at the Metropolitan Correctional Center stated that the approximate daily time required for the assigned housekeeping chores was between 45 and 120 minutes, that the assignments were rotated weekly, and that inmates were required to clean up areas which became unusually messy prior to the regularly scheduled cleaning (in this case Bijeol was requested to clean up some cigarette butts outside the door to his room and adjacent to the television room). The arrangement seems as fair and equitable as is possible when you have groups of people living together, some of whom may tend to be neater than others.
 
 
 8
 The trial court found that a pretrial detainee
 
 
 9
 may constitutionally be compelled to perform simple housekeeping tasks in his or her own cell and community areas. The work must not be overly burdensome in the time or labor required. In addition, such work must not be assigned so as to preclude a pretrial detainee from effectively participating in his or her defense to pending criminal charges.
 
 
 10
 The trial court also found that Bijeol did not allege that any of the disciplinary proceedings were carried out in an improper manner and found that his claim rested on whether he could be required to perform housekeeping tasks. We conclude that pretrial detention centers must maintain some stability and discipline. The action taken here was fair and reasonable. Believing that the trial court reached a proper decision, we affirm.
 
 
 
 *
 Robert Van Pelt, United States District Judge for the District of Nebraska, is sitting by designation
 
 
 [1]
 In addition to keeping their own room clean, pretrial detainees were assigned one regular chore in the common areas. The possible assignments included dusting, vacuuming, or emptying ashtrays in the television area three times daily; setting up and cleaning tables after meals; and vacuuming the general purpose area after each meal and prior to retiring. However, the first few days after Bijeol was admitted he alleged that he was required to clean windows, wash heel marks off the wall, vacuum and keep books in order. This slight variance between the chores allegedly assigned pretrial detainees and those performed by Bijeol is insignificant in the result reached here