**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2945

_____

Jorge L. Martinez,                              *
                                                *
        Appellant,                    *
                                                *
   v.                                        *
                                                *
C. A. Turner, Warden, Medical Center            *
for Federal Prisoners; D. Counts, Unit          *
Manager, Medical Center for Federal             *
Prisoners; Jack Smith, Case Manager,            *
Federal Medical Center for Federal              *
Prisoners; L. J. Daugherty, Counselor,          *
Medical Center for  Federal Prisoners;          *   Appeal from the United States
W. Hensley, Lieutenant, Medical Center          *   District Court for the
for Federal Prisoners; A. Clark,                *   Western District of Missouri.
Lieutenant, Medical Center for Federal          *
Prisoners; G. Martinia, Lieutenant,             *   [UNPUBLISHED]
Medical Center for Federal Prisoners;           *
Shaw, Correctional Officer, Medical             *
Center for Federal Prisoners; CROM,             *
Correctional Officer, Medical Center for        *
Federal Prisoners; E. J. Blades,                *
Correctional Officer, Medical Center for        *
Federal Prisoners; William Francis, Dr.,        *
Medical Center for Federal Prisoners;           *
George Cordivin, Dr., Medical Center            *
for Federal Prisoners; E. Wetzel, Dr.,          *
Medical Center for Federal Prisoners;           *
J. W. Clawson, Dr., Medical Center for          *
Federal Prisoners; G. Rose, Nurse,              *

Medical Center for Federal Prisoners;          *
Coursen, Nurse, Medical Center for             *
Federal Prisoners; G. Diullo, Physical         *
Therapist, Medical Center for Federal          *
Prisoners,                                      *
                                               *
                    Appellees.                 *

_____

Submitted:  August 5, 1997
Filed:  August 25, 1997

_____

Before BEAM, BRIGHT, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Jorge L. Martinez appeals the district court's grant of summary judgment to defendants in his <u>Bivens</u>[1] action.  We reverse and remand.

Martinez filed an amended complaint against the warden and other employees of the United States Medical Center for Federal Prisoners in Springfield, Missouri (medical center), in both their official and individual capacities.  Martinez alleged, as relevant, that he was a pre-trial detainee and that when he refused to work because of his physical condition and pre-trial status, he was placed in segregation.  The district court dismissed the complaint as frivolous under 28 U.S.C. § 1915(d),[2] and this court reversed and remanded for further proceedings on this claim.  <u>See</u> <u>Martinez v. Turner</u>, 977 F.2d 421 (8th Cir. 1992), <u>cert. denied</u>, 507 U.S. 1009 (1993).

_____

[1]<u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

[2]This section has been recodified as 28 U.S.C. § 1915(e)(2).

On remand, defendants moved for summary judgment, arguing that Martinez was not denied due process by his placement in administrative segregation, and that they were entitled to qualified immunity. The district court granted summary judgment to defendants, finding that because Martinez was cleared for full duty work status, nothing in the record substantiated his assertions that he could not perform the work assigned to him. The court also found that no factual dispute existed as to whether the work Martinez was required to do constituted a constitutional violation, or as to whether there was an intent to punish Martinez. The court finally found that defendants were entitled to qualified immunity.

We review a grant of summary judgment de novo, applying the same standard as the district court; summary judgment is appropriate when, viewing the record in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam).

We previously held in this case that requiring a pre-trial detainee to work or be placed in administrative segregation is punishment. See Martinez, 977 F.2d at 423 (citing Chestnut v. Magnusson, 942 F.2d 820, 823 (1st Cir. 1990) and Bell v. Wolff, 496 F.2d 1252, 1254 (8th Cir. 1974)). We found, however, that requiring a pre-trial detainee to perform general housekeeping chores is not punishment. See id. (citing Bijeol v. Nelson, 579 F.2d 423, 425 (7th Cir. 1978)).

We conclude that the district court erred in determining that no factual questions existed as to whether the administrative detention amounted to punishment. Martinez was placed in detention twice; on both occasions the detention orders stated that the placement was for refusing to work and that Martinez was being detained pending a hearing for a regulation violation. Martinez was released from his first detention only after he agreed to work as an orderly on his floor of residence. Regardless of whether the detentions are classified as "administrative," if a pre-trial detainee must remain in

-4-

a lock-up area if he does not work, the detention amounts to punishment. See Martinez, 977 F.2d at 423; cf. Hause v. Vaught, 993 F.2d 1079, 1085-86 (4th Cir. 1993) (administrative segregation may not be used as pretext for indefinite confinement), cert. denied, 510 U.S. 1049 (1994).

We also find that a genuine factual issue existed as to whether the work being asked of Martinez constituted more than housekeeping tasks. Martinez attested that he worked in eight-hour shifts, and that his tasks involved feeding and cleaning up after other inmates, waxing and buffing floors, and cleaning counselors' and managers' offices. Cf. Hause, 993 F.2d at 1085 (no due process violation where pre-trial detainee was required to dust); Bijeol, 579 F.2d at 424-25 (no due process violation where detainee was assigned one regular housekeeping chore in common area, requiring up to 120 minutes daily). Because Martinez could refuse to do more than housekeeping tasks based solely on his status as a pre-trial detainee, we need not address his contention that he was forced to work beyond his physical capacity.[3]

As to the district court's grant of qualified immunity to defendants, we find that the law was clearly established that a pre-trial detainee could not be punished for refusing to work. See Bijeol, 579 F.2d at 424-25; Heidemann v. Rother, 84 F.3d 1021, 1028 (8th Cir. 1996) (federal right must be clearly established). Because Martinez did not controvert an attestation by defendant Hensley that he did not know Martinez was a pre-trial detainee, we affirm the district court's grant of qualified immunity to Hensley in his individual capacity, as that inquiry turns on a defendant's knowledge at the time of his actions. See id.

---

[3]While defendants attested Martinez had signed a waiver of his right not to work, they were unable to produce a copy, and Martinez attested he had not signed such a waiver. We note that even assuming Martinez did sign a waiver, the medical center's waiver form specifically provides that the waiver may be rescinded at the inmate's request.

Accordingly, we affirm the district court's grant of qualified immunity to Hensley in his individual capacity, and we reverse and remand for further proceedings as to the remaining defendants.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.