

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-1999

# Tourscher v. McCullough

Precedential or Non-Precedential:

Docket 97-3671,98-3499

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"Tourscher v. McCullough" (1999). *1999 Decisions.* Paper 196.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/196

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 12, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 97-3671

MARK D. TOURSCHER,

        Appellant

v.

JOHN MCCULLOUGH; KATHY EMIL;
COMMISSIONER HORN; JAY WHITESEL

(D.C. Civil No. 97-cv-00223J)

NO. 98-3499

MARK D. TOURSCHER,

        Appellant

v.

MARTIN HORN, SECRETARY OF THE PA.
DEPT. OF CORRECTIONS; JOHN
MCCULLOUGH, SUPERINTENDENT

(D.C. Civil No. 98-cv-00176J)

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
District Judge: The Honorable D. Brooks Smith

Argued April 5, 1999

Before: SLOVITER and ALITO, Circuit Judges,
and ALARCON, Senior Circuit Judge*

(Opinion Filed July 12, 1999)

Stanley B. Edelstein (argued)
Jacoby Donner, P.C.
Suite 2000
1515 Market Street
Philadelphia, PA 19102

Attorney for Appellant

Calvin R. Koons (argued)
Senior Deputy Attorney General
D. Michael Fisher
Attorney General
John G. Knorr, III
Chief Deputy Attorney General
Office of Attorney General
Appellate Litigation Section
15th Fl. Strawberry Square
Harrisburg, PA 17120

Attorneys for Appellees

OPINION OF THE COURT

ALARCON, Senior Circuit Judge:

Mark D. Tourscher ("Tourscher") appeals from the district
court's order of November 25, 1997 dismissing his pro se
complaint ("first complaint") as frivolous under 28 U.S.C.
SS 1915(e)(2)(B) and 1915A. He also appeals from the
August 31, 1998 order dismissing a second pro se
complaint ("second complaint"). This court consolidated the
two appeals.

_____

* Hon. Arthur L. Alarcon, Senior Judge, United States Court of Appeals
for the Ninth Circuit, sitting by designation.

2

In his first complaint, Tourscher alleged that he was
deprived of rights by Pennsylvania Department of
Corrections officials ("Prison Officials") that are guaranteed
under the Eighth, Thirteenth and Fourteenth Amendments
because they compelled him to work in the prison cafeteria
while he was a pretrial detainee. In his second complaint,
he asserted that the Prison Officials deprived him of
meaningful access to the courts in violation of the Due
Process Clause by compelling him to work in the prison
cafeteria while he was preparing his appeal from his second
state conviction. In addition, Tourscher maintained in each
complaint that he is entitled to be compensated pursuant
to the minimum wage provisions of the Fair Labor
Standards Act ("FLSA"), 29 U.S.C. S 206(a), for the work he
was compelled to do in the prison cafeteria.

We conclude that Tourscher was a duly convicted
prisoner who could be compelled to work in the prison
cafeteria until the date the Court of Common Pleas regained
jurisdiction following the Pennsylvania Supreme Court's
denial of the Commonwealth's petition for allowance of
appeal. Accordingly, we affirm in part the dismissal of the
first complaint. We vacate the dismissal of that portion of
the first complaint that alleges he was compelled to work in
violation of the Thirteenth Amendment between September
4, 1997 and September 18, 1997, and remand with
instructions. We also hold that the district court did not err
in dismissing the second complaint because Tourscher has
failed to show that the work he was required to perform
after his second conviction denied him meaningful access
to the courts. Additionally, we reject Tourscher's contention
that pretrial detainees and convicted prisoners are covered
by the FLSA minimum wage section for services performed
in intra-prison work.

I

In 1995, Tourscher was convicted of burglary, criminal
trespass, recklessly endangering another person, simple
assault, and terroristic threats in the Court of Common
Pleas of Lackawana County, Pennsylvania. He was
sentenced to serve three and one-half years to twenty-two
years. While his appeal from his first conviction was

3

pending, the Prison Officials ordered Tourscher to work in the prison cafeteria or face administrative misconduct charges.

On August 23, 1996, the Pennsylvania Superior Court vacated his first conviction and remanded the case for a new trial. See Commonwealth v. Tourscher, 682 A.2d 1275 (Pa. Super. Ct. 1996).

The Commonwealth filed a motion for reargument in the Pennsylvania Superior Court. The Commonwealth's motion was denied on October 21, 1996. The Commonwealth then filed a timely petition for allowance of appeal with the Pennsylvania Supreme Court on November 21, 1996. While the petition for allowance of appeal was pending, the Court of Common Pleas set bail for Tourscher at $25,000 on December 6, 1996. Tourscher remained in custody, however, because he was unable to post bail.

The Pennsylvania Supreme Court denied the petition for allowance of appeal on August 21, 1997. Tourscher was not excused from his work assignment in the prison cafeteria until September 18, 1997.

Tourscher filed his first complaint pursuant to 28 U.S.C. S 1983 on July 27, 1997. He alleged that the Prison Officials, in both their individual and official capacities, violated his right not to be compelled to work under the Eighth, Thirteenth, and Fourteenth Amendments. Tourscher also alleged that he should be paid the minimum wage for his labor pursuant to the FLSA, 29 U.S.C.SS 201–209. Tourscher prayed for compensatory damages, punitive damages, and declaratory relief. He did not request injunctive relief.

Tourscher alleged that "the defendants have been forcing the Plaintiff to involuntary servitude, and threatening to lock him up in the hole if he did not contie [sic] to labor for the state." In documents filed with the district court, Tourscher asserted that he was required to work in the prison cafeteria, at a wage of 22 cents per hour. He further stated that he was paid approximately $15 per month. At a wage of 22 cents per hour, Tourscher worked approximately 69 hours per month or less than 17 hours per week. (22 cents x 69 hours = $15.18.)

4

In his report dated November 5, 1997, the magistrate judge recommended that the district court consider either dismissing the complaint for failing to state facts showing a federal constitutional violation, or on the basis that the Prison Officials are immune because the law regarding whether a pretrial detainee can be compelled to work in a prison cafeteria was "not so clearly established that defendants could be considered to know that their conduct is unlawful." On November 25, 1997, the district court adopted the report and recommendation of the magistrate judge as its opinion and dismissed the complaint pursuant to 28 U.S.C. 1915(e)(2)(B), without indicating whether it believed Tourscher had failed to state a claim, or that the Prison Officials were immune.

Following the denial of the Commonwealth's petition for allowance of appeal, Tourscher was retried for the same offenses. On March 13, 1998, he was found guilty of criminal trespass and sentenced to eleven and one-half months to ten years.

Tourscher filed his second complaint against the Prison Officials on July 27, 1998. In the second complaint, Tourscher alleged that the Prison Officials had deprived him of his rights under the Eighth, Thirteenth, and Fourteenth Amendments. His complaint also alleged, inter alia, that the requirement that he perform intra-prison work assignments interfered with his ability to prepare the appeal from his second criminal conviction. He also claimed that he was entitled to be paid minimum wages under the FLSA for the work he performed in the prison cafeteria. Tourscher prayed for compensatory damages, punitive damages, declaratory relief, and injunctive relief in his second complaint. Tourscher failed to allege the number of hours he was required to work during the pendency of his March 13, 1998 state court conviction and his in forma pauperis application did not set forth his monthly income.

The second complaint was also referred to a magistrate judge for a report and recommendation. The magistrate judge issued a recommendation that the complaint be dismissed for "failure to state a claim," pursuant to 28 U.S.C. S 1915(e)(2)(B), "rely[ing] on the Report and Recommendation" filed regarding the disposition of the first

5

complaint. The district court adopted the magistrate judge's report and recommendation as its opinion and dismissed the action on August 31, 1998.

We have jurisdiction over these consolidated appeals pursuant to 28 U.S.C. S 1291. Our review of the dismissal of each action is plenary. See Gibbs v. Roman, 116 F.3d 83, 85 (3d Cir. 1997); see also Jenkins v. Morton, 148 F.3d 257, 258 (3d Cir. 1998). "[W]e must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver , 82 F.3d 63, 65 (3d Cir. 1996). We may affirm the district court on any ground supported by the record. See Central Penn. Teamsters Fund v. McCormick Dray Line, Inc., 85 F.3d 1098, 1107 (3d Cir. 1996); see also Erickson v. United States, 976 F.2d 1299, 1300-01 (9th Cir. 1992) (affirming district court's judgment on the basis of qualified immunity without deciding whether plaintiff had established a constitutional violation, where district court had reached constitutional issue).

II

Tourscher asserts that it is a violation of the Thirteenth Amendment's prohibition against involuntary servitude to require a party not duly convicted of a crime to work in a prison cafeteria.1 This court has not previously considered the question whether the Thirteenth Amendment precludes prison authorities from compelling a prisoner to work during the pendency of his or her appeal from a conviction. Other circuits, however, have held that a person sentenced to serve a term of imprisonment can be required to work during the time his or her appeal is pending before a reviewing court. See Stiltner v. Rhay, 322 F.2d 314, 315 (9th Cir. 1963) ("There is no federally protected right of a state prisoner not to work while imprisoned after

_____

1. Section 1 of the Thirteenth Amendment provides as follows:

> Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

6

conviction, even though that conviction is being appealed."). See also Plaisance v. Phelps, 845 F.2d 107, 108 (5th Cir. 1988) ("The fact that appellant is appealing does not require the district court to assume that his conviction was other than duly obtained."); Omasta v. Wainwright, 696 F.2d 1304, 1305 (11th Cir. 1983) (holding that "where a prisoner is incarcerated pursuant to a presumptively valid judgment . . . the thirteenth amendment's prohibition against involuntary servitude is not implicated. . . . even though the conviction may be subsequently reversed."). We agree with our sister circuits that a duly convicted prisoner continues in that status until his or her appeal becomes final even if it results in a reversal of the conviction.

Tourscher contends that he ceased being a duly convicted prisoner after the Pennsylvania Superior Court reversed his original conviction on August 23, 1996. He maintains that he reverted to the status of a pretrial detainee on that date and could not be compelled to work during the pendency of the Commonwealth's attempts to overturn the Pennsylvania Superior Court's decision. To support this contention, Tourscher points out that on December 5, 1996, the Court of Common Pleas granted his motion to post bail pending his retrial. The Prison Officials maintain that the judgment of the Pennsylvania Superior Court did not become effective until the Pennsylvania Supreme Court's denial of the Commonwealth's petition for allowance of appeal became final on September 4, 1997. To resolve this dispute, we must decide when the judgment of the Pennsylvania Superior Court reversing Tourscher's original conviction became effective and restored Tourscher to the status of a pretrial detainee.

The parties have not cited any authority to us that defines "duly convicted," as that term is used in the Thirteenth Amendment. We are persuaded that, in determining whether a person incarcerated under state law is a "duly convicted" prisoner, we must examine the state's laws regarding the effective date of the judgments of its courts. Under Rule 1736(b) of the Pennsylvania Rules of Appellate Procedure, the taking of an appeal acts as an automatic supersedeas.[2] In Elizabeth Forward School

_____

2. Rule 1736(b) reads in relevant part:

    Supersedeas automatic. Unless otherwise ordered pursuant to this

7

District of Pennsylvania Labor Relations Board, 149 Pa. Commw. 235, 613 A.2d 68 (1992), the court noted that the term "appeal," as used in Rule 1736(b), includes petitions "under any other provision of law." 149 Pa. Commw. at 240, 613 A.2d at 70. The court held in Elizabeth that a petition for the allowance of an appeal filed by the Commonwealth acted as an automatic supersedeas.3 See id. A later case, relying on Elizabeth, reached the same result. See Public Advocate v. Philadelphia Gas Commission , 177 Pa. Commw. 41, 45, 646 A.2d 19, 21 (1994). Although, as Tourscher argues, Elizabeth and Public Advocate concern civil matters, Rule 1764 of the Pennsylvania Rules of Appellate Procedure provides that Rule 1736(b) applies to criminal matters not involving capital punishment.4 Thus, under Pennsylvania law, the filing of a petition for allowance of appeal by the Commonwealth stayed the effective date of the judgment of the Pennsylvania Superior Court. The Commonwealth's petition for allowance of appeal was not acted upon by the Pennsylvania Supreme Court until August 21, 1997. Pursuant to Rule 2572(b)(2) of the Pennsylvania Rules of Appellate Procedure, "the time for

_____

> chapter the taking of an appeal by any party specified in Subdivision (a) [including the Commonwealth or any officer thereof, acting in his official capacity] of this rule shall operate as a supersedeas in favor of such party.

3. Although not defined in the Pennsylvania Rules, the term "supersedeas" is defined as follows in Black's Law Dictionary: "In modern times the term is often used synonymously with a"stay of proceedings," and is employed to designate the effect of an act or proceeding which of itself suspends the enforcement of a judgment." Black's Law Dictionary 1437 –38 (6th ed. 1990).

4. The full text of Rule 1764 reads:

> Other Stays in Criminal Matters

> Except as otherwise prescribed by the Pennsylvania Rules of Criminal Procedure, Rule 1731 (automatic supersedeas of orders for the payment of money) et seq. shall be applicable to criminal or quasi-criminal matters or orders relating thereto which are not within the scope of Rule 1761 (capital cases) through Rule 1763 (vacation of supersedeas on affirmance of conviction). Pa. R.A.P. 1764.

8

the remand of Record" from an order of the Pennsylvania Supreme Court is 14 days. Under this rule the record should have been remanded on or before September 4, 1997. Accordingly, on that date he reverted to the status of a pretrial detainee.

Tourscher, in his opening brief, "concedes that the Commonwealth's attempt to appeal the Superior Court's order may have kept that order from becoming final." Appellant's Opening Brief at 18. He argues, however, that "technical notions of finality must bow to the United States Constitution . . . ." Id. Tourscher fails, however, to cite any authority to support the proposition that the Thirteenth Amendment requires us to hold that the decision of an intermediate court reversing a conviction takes immediate effect, notwithstanding the fact that the judgment is not final under state law until its highest court has acted upon a prosecutor's petition for review of an intermediate court's adverse judgment. Tourscher was a duly convicted prisoner until the automatic stay of the Pennsylvania Superior Court's judgment expired on September 4, 1977. The requirement that he work in the prison cafeteria prior to September 4, 1997 did not violate the Thirteenth Amendment.

III

It appears that Tourscher's status was equivalent to that of a pretrial detainee in the period between September 4, 1997 and September 18, 1997. This does not necessarily mean that Tourscher could not be compelled to perform some service in the prison. In Hause v. Vaught, 993 F.2d 1079 (4th Cir. 1993), and Bijeol v. Nelson, 579 F.2d 423 (7th Cir. 1978) (per curiam), the courts held that pretrial detainees may be required to perform "general housekeeping responsibilities" consistently with the Due Process Clause.

Because the District Court dismissed Tourscher's complaint before filing and service, the nature of the services that Tourscher was required to perform during that period and the amount of time they took is not on record. Such information is necessary before a court can determine

whether the prison officials deprived him of this Thirteenth Amendment right to be free from involuntary servitude or his rights under the Due Process Clause. Indeed, the defendants have not even had the opportunity tofile an answer.

Therefore, we must vacate the dismissal of that portion of the complaint that alleges that Tourscher was compelled to work between September 4, 1997 and September 18, 1997. We will remand with instructions that the District Court direct that Tourscher's complaint be filed and let the case proceed thereafter.

IV

In his second complaint, Tourscher alleged that the Prison Officials deprived him of his right to meaningful access to the Pennsylvania courts by compelling him to work in the prison cafeteria while his appeal from his second conviction was pending in state court. In Lewis v. Casey, 518 U.S. 343 (1996), the Court held that the Due Process Clause prohibits prison officials from denying a prisoner meaningful access to the courts. See id. at 350–55.

Tourscher failed to allege any facts that demonstrate that the number of hours he was required to work denied him sufficient time to prepare an appeal to the Pennsylvania courts from his second criminal conviction. To state a viable claim of the denial of meaningful access to the courts, Tourscher was required to plead facts demonstrating that the work he performed in the prison cafeteria interfered with his ability to prosecute his appeal. See id. at 351 (an inmate must demonstrate actual injury, i.e., that state actors hindered his efforts to pursue a legal claim.) Accordingly, we must reject Tourscher's due process claim.

V

Tourscher asserts that each of his complaints alleged valid claims under the Fair Labor Standards Act, 29 U.S.C. SS 201–209. He argues that pretrial detainees and convicted

10

prisoners must be paid the minimum wage pursuant to
S 206 of the FLSA.5

The minimum wage provisions of the FLSA, however,
apply only to workers who are "employees" within the
meaning of the Act. See 29 U.S.C. S 206(a).6 This term must
be interpreted in light of the "economic reality" of the
relationship between the parties. Goldberg v. Whitaker
House Co-op., Inc., 366 U.S. 28, 33 (1961).

Each circuit that has addressed the question has
concluded that prisoners producing goods and services
used by the prison should not be considered employees
under the FLSA. See Gambetta v. Prison Rehabilitative
Industries, 112 F.3d 1119, 1124-25 (11th Cir. 1997);
Danneskjold v. Hausrath, 82 F.3d 37, 43 (2d Cir. 1996);
Reimonenq v. Foti, 72 F.3d 472, 475 n.3 (5th Cir. 1996);
Henthorn v. Department of Navy, 29 F.3d 682, 684-87
(D.C.Cir. 1994); McMaster v. Minnesota, 30 F.3d 976, 980
(8th Cir. 1994); Hale v. Arizona, 993 F.2d 1387, 1392-98
(9th Cir. 1993) (en banc); Franks v. Oklahoma State Indus.,
7 F.3d 971, 972 (10th Cir. 1993); Harker v. State Use
Indus., 990 F.2d 131, 133 (4th Cir. 1993); Miller v. Dukakis,
961 F.2d 7, 8-9 (1st Cir. 1992); Vanskike v. Peters, 974
F.2d 806, 809-10 (7th Cir. 1992); but cf. Watson v. Graves,
909 F.2d 1549, 1554-55 (5th Cir. 1990) (holding the FLSA
applicable where the prisoners worked for an outside
construction company in competition with other private
employers and where this competition tended to undermine
compliance with the FLSA).

In Danneskjold, the Second Circuit reasoned as follows:

> The relationship is not one of employment; prisoners
> are taken out of the national economy; prison work is

_____

5. The minimum wage for the period specified in Tourscher's complaints
ranged from $4.25 per hour to $5.15 per hour. See 29 U.S.C. S 206(a)(1).

6. Section 206(a) reads in relevant part:

> Every employer shall pay to each of his employees who in any
> workweek is engaged in commerce or in the production of goods for
> commerce, or is employed in an enterprise engaged in commerce or
> in the production of goods for commerce, wages at the following
> rates . . . . (emphasis added).

11

often designed to train and rehabilitate; prisoners'
living standards are determined by what the prison
provides; and most such labor does not compete with
private employers. . . .

As a result, no Court of Appeals has ever questioned
the power of a correctional institution to compel
inmates to perform services for the institution without
paying the minimum wage. Prisoners may thus be
ordered to cook, staff the library, perform janitorial
services, work in the laundry, or carry ou[t] numerous
other tasks that serve various institutional missions of
the prison, such as recreation, care and maintenance
of the facility, or rehabilitation. Such work occupies
prisoners' time that might otherwise be filled by
mischief; it trains prisoners in the discipline and skills
of work; and it is a method of seeing that prisoners
bear a cost of their incarceration.

82 F.3d at 42-43.

We agree with our sister circuits that prisoners who
perform intra-prison work are not entitled to minimum
wages under the FLSA.

Tourscher also claims that the minimum wage provision
of the FLSA should apply to the work he performed while
he was a pretrial detainee. The only circuit which has
examined this question held that the FLSA is inapplicable
to pretrial detainees working for prison authorities since,
like prisoners, they are not employees under the FLSA. See
Villareal v. Woodham, 113 F.3d 202, 206-07 (11th Cir.
1997).

The Eleventh Circuit reasoned as follows:

Focusing on the economic reality of the situation in its
entirety, we conclude that [a pretrial detainee] is not an
"employee" under the FLSA. The purpose of the FLSA
is to protect the standard of living and general well-
being of the American worker. Because the correctional
facility meets Villarreal's needs, his "standard of living"
is protected. In sum, "the more indicia of traditional,
free-market employment the relationship between the
prisoner and his putative `employer' bears, the more

12

likely it is that the FLSA will govern the employment relationship." Villarreal's situation does not bear any indicia of traditional free-market employment contemplated under the FLSA. Accordingly, we hold that Villarreal and other pretrial detainees in similar circumstances are not entitled to the protection of the FLSA minimum wage requirement.

Id. at 207 (citations omitted).

We agree with this rationale. Tourscher's employment bears no indicia of traditional free-market employment. Therefore, we hold that the minimum wage requirements of the FLSA do not apply to Tourscher or other similarly situated pretrial detainees.

VI

After reviewing the record and the applicable law, we conclude that Tourscher's remaining contentions are devoid of merit.

Conclusion

We affirm the dismissal of that portion of thefirst complaint that alleges that Tourscher was not a duly convicted prisoner after the reversal of his state conviction by the Pennsylvania Superior Court. We hold that Tourscher was a duly convicted prisoner until the automatic stay on the Pennsylvania Superior Court's judgment expired on September 4, 1998, the date the Court of Common Pleas regained jurisdiction following the Pennsylvania Supreme Court's denial of the Commonwealth's petition for allowance of appeal. We vacate the dismissal of that portion of the complaint that alleges that the Prison Officials deprived him of his right as a pretrial detainee not to be subjected to involuntary servitude between September 4, 1997 and September 18, 1997, with instructions that the district court direct the clerk to file Tourscher's complaint and order that it be served on the defendants, and, following appropriate pretrial proceedings, make a determination concerning the matter of the services Tourscher performed and the number

13

of hours he was compelled to work during that period. We affirm the dismissal of Tourscher's second complaint because he failed to allege sufficient facts to demonstrate that he was denied access to the courts. Finally, we hold that he is not entitled to be paid the minimum wage under the FLSA for work he performed as a pretrial detainee or as a duly convicted prisoner.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

14