573 A.2d 236

**Michael EGNAL, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, INSURANCE DEPARTMENT, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 9, 1989.

Decided July 21, 1989.

Publication Ordered April 19, 1990.

414

Michael H. Egnal, pro se.

Karen Gantt, Asst. Counsel, with her, Heidi B. Hamman Shakely, Asst. Counsel, Theodie L. Peterson, Chief of Litigation, and Linda J. Wells, Chief Counsel, for respondent.

Before BARRY and McGINLEY, JJ., and KALISH, Senior Judge.

KALISH, Senior Judge.

Michael Egnal (petitioner) appeals for review of an order and adjudication of the Insurance Commissioner, affirming the decision of the Valley Forge Insurance Company (Insurer) not to renew the insurance policy of petitioner. We affirm.

The Insurer notified petitioner of its refusal to renew petitioner's automobile insurance policy. This refusal was affirmed by the Insurance Department. Petitioner appealed to the Insurance Commissioner. As a result of a hearing attended by petitioner and a representative of the Insurer, the Insurance Commissioner made the following findings:

1.—On April 1, 1986, petitioner backed out of his garage and struck a steel post.

2.—On January 6, 1988, petitioner's foot slipped off the brake and struck another vehicle in the rear which was propelled forward striking the vehicle in front of it.

█ Section 3 of the Automobile Insurance Act[1] sets forth the standards for determining whether an insurer may refuse to renew an automobile insurance policy. This section provides that, "[n]o insurer shall cancel or refuse to renew a policy of automobile insurance on the basis of one accident within the thirty-six month period prior to the upcoming anniversary date of the policy." 40 P.S. § 1008.3(b). Thus, it is the legislature's intent to prohibit a refusal to renew on the basis of only one accident. Two accidents with or without fault, unless excluded under section 3(a) of the Automobile Insurance Act, 40 P.S. § 1008.3(a), constitute valid justification for refusal to renew. *Perry v. Liberty Mutual Insurance Co.*, 86 Pa.Commonwealth Ct. 400, 485 A.2d 516 (1984); *Appeal of Tabas*, 81 Pa.Commonwealth Ct. 527, 473 A.2d 1143 (1984).

1. Act of October 5, 1978, P.L. 1060, No. 248, *as amended,* 40 P.S. § 1008.3.

■ The burden of proof lies with the Insurer to show that there was more than one accident. The burden then shifts to the petitioner to prove circumstances warranting exclusion. The petitioner failed to show that either of the two accidents fell within one of the nine exceptions listed in section 3(a) of the Automobile Insurance Act. 40 P.S. § 1008.3(a).

■ Petitioner's reliance on section 5 of the Unfair Insurance Practices Act[2] is misplaced. The Unfair Insurance Practices Act applies to an insurance policy covering ownership of private residential properties or personal property wherein there was an increase of hazard or risk. Furthermore, according to the Pennsylvania Code, 31 Pa.Code §§ 59.1–59.2, automobiles are specifically excluded from the Unfair Insurance Practices Act and are covered under the Automobile Insurance Act.

■ Petitioner claims that the January 6, 1988 accident involved fraudulent claims made on the part of the other motorist involved, and that the Insurer should have investigated the claim. Although such an investigation is not required, the record does show that the company did, in fact, make such an investigation. It is undisputed that the accident actually occurred. Allegations of fraudulent claims in connection with an accident fail to bring the accident within any one of the exceptions of section 3(a)(13) of the Automobile Insurance Act, 40 P.S. § 1008.3(a)(13). As such, the accident was properly considered by the Insurer when refusing to renew petitioner's automobile policy.

■ The petitioner argues that pursuant to section 3(e) of the Automobile Insurance Act, 40 P.S. § 1008.3(e), the nonrenewal is improper because the petitioner was free of any points on his driving record.

The Insurance Department argues that the petitioner is precluded from raising this issue because the petitioner failed to introduce any evidence regarding his driving

2. Act of July 22, 1974, P.L. 589, No. 205, *as amended,* Act of July 6, 1984, P.L. 605, No. 124, *as amended,* 40 P.S. § 1171.5.

record. Assuming that this court should consider the driving record, section 3(e) of the Automobile Insurance Act is inapplicable because it addresses only terminations which rely on a record of moving violations, rather than on an accident record. 40 P.S. § 1008.3(e).

There is substantial evidence to support the findings and there was no error of law.

## ORDER

NOW, July 21, 1989, the order of the Insurance Commissioner, docket no. PH88–7–5, is affirmed.

## ORDER

PER CURIAM.

NOW, April 19, 1990, it is ORDERED that the above-captioned opinion filed July 21, 1989, shall be designated OPINION, rather than MEMORANDUM OPINION, and it shall be reported.