646 A.2d 19

The **PUBLIC ADVOCATE**, Appellant,

v.

**PHILADELPHIA GAS COMMISSION and Philadelphia Gas Works and Philadelphia Facilities Management Corporation**

v.

**PHILADELPHIA GAS COMMISSION.**

No. 2545 C.D. 1992.

Commonwealth Court of Pennsylvania.

Argued May 11, 1994.

Decided July 13, 1994.

Jonathan Stein, for appellant.

Steven L. Friedman, for appellees Philadelphia Gas Works and Philadelphia Facilities Management Corp.

Victoria L. Cheek, for appellee Philadelphia Gas Com'n.

Joseph A. Dworetzky, Acting City Sol., for appellee City of Philadelphia.

Before CRAIG, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

CRAIG, President Judge.

Before this court is a post-judgment motion for relief, treated as an application to enforce this court's order dated January 14, 1994, filed by the Public Advocate, Action Alliance of Senior Citizens, Consumer Education and Protective Association, and the Tenant Action Group.

The procedural history of this case is as follows. In July, 1991, the Philadelphia Gas Works (PGW) filed its 1991–1992 fiscal operating budget request with the Philadelphia Gas Commission. After formal hearings, the commission granted PGW a rate increase of $15,032,000 and denied $12,698,000 of the requested increase.

The Public Advocate, along with other consumer groups, appealed the commission's order to the trial court. Thereafter, PGW and the Philadelphia Facilities Management Corporation (PFMC),[1] filed a notice of cross appeal and a notice of intervention. The city also filed a notice of intervention. The trial court affirmed the decision of the commission in part, reversed in part and remanded the case. Specifically, the trial court determined that PGW's annual payment to the city of $18,000,000 did not violate the Pennsylvania Constitution or Pennsylvania law.

The Public Advocate appealed to this court which, by order dated January 14, 1994, affirmed the decision of the trial court in part and reversed the trial court decision in part, and remanded the case to the commission, by an order which directed the commission "to re-calculate PGW's rate increase request for fiscal year 1991–1992 without the required base payment to the city of Philadelphia in the amount of $18,000,-

1. PFMC is a non-profit corporation which the city chartered to manage PGW. The agreement between the city and PFMC is contained in Ordinance No. 455 of 1972. The ordinance authorizes the commission to fix and regulate gas rates to produce revenue for the city and also to make base payments to the city totalling $18,000,000 annually.

000, under section VII of Ordinance 455." *Public Advocate v. Philadelphia Gas Commission,* 161 Pa.Commonwealth Ct. 428, 637 A.2d 676 (1994).

Under the terms of the ordinance, PGW makes payments to the city in installments of $4,500,000 on February 1, March 1, April 1 and May 1 of each year. This court stated that "the provision in the 1972 ordinance which requires a fixed base rate amount of $18,000,000 to be paid to the city, cannot be said to be proportionate to the ratepayers' use of PGW, and hence the *legal effect* of that payment is a tax." *Id.* at 446–47, 637 A.2d at 685. (emphasis in original). Additionally, this court stated that the "obligation to pay such a tax can only be created through the city's exercise of its taxing power, which is granted and limited by the Uniformity Clause of the Pennsylvania Constitution." *Id.* at 447, 637 A.2d at 688.

On February 14, 1994, the city, PGW and PFMC filed a petition for allowance of appeal with the Supreme Court of Pennsylvania. That petition is still pending.

On April 12, 1994, the Public Advocate filed a post-judgment motion and motion to expedite with this court. The Public Advocate requested this court to order that all payments made by PGW to the city since January 14, 1994, pursuant to Ordinance 455, be placed in an escrow fund pending a final decision in this case, and to order that PGW cease making payments to the city. Additionally, the Public Advocate requested this court to order the commission to compute, on or before June 7, 1994, the rates for the period September 1, 1991 to present, without the annual payment of $18,000,000.

Pending argument on these motions, this court, in order to maintain the status quo, issued an order dated April 20, 1994, which prohibited PGW from paying the city any further amounts with respect to the annual base payments totaling $18,000,000 and, in particular, prohibited the $4,500,000 installment due May 1, 1994.

Initially, as previously stated, the city, PGW, and PFMC filed a petition for allowance of appeal from this court's

January 14, 1994 order. Pa.R.A.P. No. 1736 provides in pertinent part:

> (a) **General Rule.** No security shall be required of:
>
> . . . .
>
> (2) Any political subdivision or any officer thereof, acting in his official capacity, except in any case in which a common pleas court has affirmed an arbitration award in a grievance or similar personnel matter.
>
> . . . .
>
> (b) **Supersedeas Automatic.** Unless otherwise ordered pursuant to this chapter the taking of an appeal by any part specified in Subdivision (a) of this rule shall operate as a supersedeas in favor of such party.

Pa.R.C.P. No. 76 defines a political subdivision as:

> '[P]olitical subdivision,' any county, city, borough, incorporated town, township, school district, vocational school district or county institution district;

Thus, a party designated in Pa.R.A.P. 1736(a)—in this case the city—is entitled to an automatic supersedeas upon the filing of a petition for allowance of appeal to our Supreme Court. *Elizabeth Forward School District v. Pennsylvania Labor Relations Board,* 149 Pa.Commonwealth Ct. 235, 613 A.2d 68 (1992).

However, the Public Advocate contends that customers will be irreparably harmed unless this court enforces its January order. Thus, the Public Advocate requests this court to instruct the commission to recalculate rates for the period *September 1, 1991 to present.* However, such a mandate exceeds the scope of this court's order. The order directed the commission to recalculate the rates for the *1991–92 year.* Additionally, the Public Advocate contends that this court's order of January 14, 1994 prohibited PGW from making payments to the city and that PGW is in violation of this court's order because it continues to do so. Although this court stated that the *"legal effect* of that [$18,000,000] payment is a tax" *Public Advocate,* 161 Pa.Commonwealth Ct. at 447,

637 A.2d at 685 (emphasis in original) the narrowly drafted order of this court instructed the commission to "re-calculate PGW's rate increase for fiscal year 1991–1992 without the required base payment to the city of Philadelphia in the amount of $18,000,000, under section VII of Ordinance 455." *Id.* at 452, 637 A.2d at 688. The order did not prohibit the making of the payments, nor did it order the escrow of payments.

Accordingly, the Public Advocate's motion for relief, treated as an application to enforce this court's order dated January 14, 1994, is denied. Additionally, this court's order dated April 20, 1994, which, in order to maintain the status quo, prohibited the $4,500,000 payment owed to the city, is lifted.

## ORDER

NOW, July 13, 1994, the Public Advocate's motion for relief treated as an application to enforce this court's order dated January 14, 1994, is denied. Additionally, this court's order dated April 20, 1994, which, in order to maintain the status quo, prohibited the $4,500,000 payment owed to the city, is lifted.