**J. Scott KRAMER, Petitioner,**

v.

**DEPARTMENT OF INSURANCE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1994.
Decided Jan. 23, 1995.

J. Scott Kramer, petitioner, for himself.

Amy L. Weber, Dept. Counsel, for respondent.

Timothy A. Hoy, for intervenor, Travelers Indem. Co.

Before COLINS, President Judge, and DOYLE and NEWMAN, JJ.

DOYLE, Judge.

Before the Court is the appeal of J. Scott Kramer (Petitioner) from an order of Cynthia M. Maleski, Insurance Commissioner, which affirmed a determination by the Insurance Department that The Travelers Insurance Company could properly decline to renew Petitioner's automobile insurance policy.

On June 19, 1992, Travelers mailed a notice to Petitioner which informed him that the company would not renew his automobile insurance policy, because he had had two accidents within thirty-six months of August 26, 1992, the anniversary date of his policy. Petitioner appealed to the Department which determined that two accidents had indeed occurred, one on June 1, 1990, and another on December 7, 1991. Accordingly, the Department determined that Travelers could lawfully terminate his coverage pursuant to the provisions of Act 78.[1]

Petitioner appealed this determination to the Commissioner. A presiding officer was appointed and a hearing was held on September 28, 1992. After the record was closed, the matter was referred to the Commissioner for adjudication. The Commissioner found that an accident occurred on December 7, 1991, when Jennifer Grant, who had permission to use Petitioner's car, rear-ended another vehicle resulting in $6,684.25 in claims which Travelers paid. The other incident involved damage to the sunroof and ladder of Petitioner's van. The Commissioner found that:

On June 1, 1990, Melissa Jarrett, a permissive user of the insured's vehicle, collided with a fixed object on a rural, straight road. (N.T., 5). According to Mr. Gillman, [Travelers representative] the vehicle was a van and the fixed object was an underpass. (N.T., 27). The company paid a $218.68 collision claim. (N.T., 5). Mr. Gillman submitted Travelers records which corroborated this testimony regarding the two accidents and resulting claim payments. (Travelers Exhibits 1, 2.)

(Commissioner's op. at 5–6.) Petitioner objected to this description of the accident, alleging that Travelers had no basis for concluding that the damage occurred from a collision with an underpass. He testified that his van was lawfully parked at a train station, where it had been parked by Ms. Jarrett, his former nanny. Although he had no knowledge of how the accident happened,[2] Petitioner argued that the damage could have occurred when the van was parked, or was involved in a "hit and run" accident, or was caused by flying gravel, missiles, or falling objects. If the accident involved any of these scenarios, it would be excluded as a chargeable collision by Section 3 of Act 78, 40 P.S. § 1008.3, and Travelers could not have refused to renew Petitioner's policy.

■ After reviewing all the evidence, the Commissioner concluded that Travelers had sustained its burden of proof that two chargeable accidents had occurred within thirty-six months, and, therefore, the nonrenewal of Petitioner's policy did not violate Act 78. This appeal followed.[3]

■ Petitioner argues that the Commissioner (1) improperly allocated the burden of proof, (2) improperly admitted certain business documents of Travelers because they were hearsay, and (3) erred by appointing a

1. Act of June 5, 1968, P.L. 140, *as amended*, 40 P.S. § 1008.1–1008.11.

2. Apparently, Jarrett left in the middle of night and never returned. Petitioner was never able to ask her what happened.

3. Our review is limited to determining whether or not constitutional rights were violated, errors of law were committed or findings of fact were not supported by substantial evidence. *McDonnell v. Insurance Department*, 94 Pa.Commonwealth Ct. 381, 503 A.2d 1042 (1986).

presiding officer who adjudicated his claim although he was not present at the hearing.

Section 3(b) of Act 78 provides that

[n]o insurer shall cancel or refuse to renew a policy of automobile insurance on the basis of one accident within the thirty-six month period prior to the upcoming anniversary date of the policy.

40 P.S. § 1008.3(b). Section 3(a) enumerates several reasons which also prevent the insurer from cancelling or refusing to renew, including:

(13) Any accident which occurred under the following circumstances:

(i) auto lawfully parked (if the parked vehicle rolls from the parked position then any such accident is charged to the person who parked the auto);

. . . .

(v) auto operated by the applicant or any resident operator is struck by a "hit-and-run" vehicle, if the accident is reported to the proper authority within twenty-four hours by the applicant or resident operator;

. . . .

(vii) accident involving physical damage, limited to and caused by flying gravel, missiles, or falling objects. . . .

40 P.S. § 1008.3(a)(13)(i),(v),(vii). The initial burden of proof lies with the insurer to show that there was more than one accident. *Egnal v. Insurance Department,* 132 Pa.Commonwealth Ct. 413, 573 A.2d 236, *petition for allowance of appeal denied,* 524 Pa. 632, 574 A.2d 73 (1989). The burden then shifts to the insured to show that there are circumstances warranting exclusion. *Id.*

Petitioner contends that the Commissioner erred by charging *him* with the burden of proving that the June 1, 1990 accident falls into one of the categories listed in Section 3(a)(13) of Act 78, rather than requiring Travelers to prove that the accident did *not* fall into one of the exclusions. The Commissioner argues that Petitioner waived this issue by failing to raise it below. We agree with the Commissioner.

Our review of the record fails to reveal any instance where Petitioner questioned the burden of proof in this matter. In fact, Petitioner acknowledged that it was incumbent upon him to prove that the accident was excludable. In his brief to the Commissioner, he states:

The burden of proof lies with the insurer to show that there was more than one accident. *The burden then shifts to the insured through circumstances warranting exclusion.* [sic] *Egnal v. Tom. [sic] Ins. Dept.,* [132 Pa.Cmwlth. 413] 573 A.2d 236 (Pa.Comwlth, 1989). (Emphasis added.)

He argued only that he had sustained his burden, not that the burden was not his:

In addition, Mr. Kramer has carried *his burden* in showing that the accident of 6/1/90 fits into Exception 13(i) or (vii) given Mr. Kramer's testimony about the observation of the property damage and the placement of the vehicle in the parking space at the train station at the time it was recovered. (Emphasis added.)

Issues not raised before a governmental agency are waived and may not be raised for the first time on appeal. Pa.R.A.P. 1551; *Prudential Property and Casualty Insurance Co. v. Department of Insurance,* 141 Pa.Commonwealth Ct. 156, 595 A.2d 649 (1991).

Petitioner next argues that the Commissioner erred relying on records submitted after the hearing because they were hearsay. The documents in question were various records from Travelers' claim file which the presiding officer permitted Travelers to submit after the hearing, but before the record was closed. Petitioner submitted a letter in response to these documents, but never objected to them on the grounds of hearsay, nor did he request an opportunity to cross examine Mr. Gillman, Travelers' representative. Accordingly, this issue also has been waived.

Finally, Petitioner argues that this matter must be remanded because another presiding officer was appointed by the Department in violation of 1 Pa.Code § 35.203 after the

former presiding officer resigned.[4] He argues that "[t]he Insurance Commissioner improperly allowed this case to be adjudicated by a presiding officer who was not present at the hearing and whose appointment was never related to Petitioner."

■ First, 1 Pa.Code § 35.203, specifically does not apply to proceedings in the Insurance Department, pursuant to 31 Pa. Code § 56.1:

> Under 1 Pa.Code § 31.1 (relating to scope of part), 1 Pa.Code Part II (relating to general rules of administrative practice and procedure) is applicable to the activities of and proceedings before the Insurance Department *except 1 Pa.Code §§ 35.201–35.207....* (Emphasis added.)

The procedure that does apply to proceedings in the Insurance Department to review the non-renewal of an automobile policy are found in 31 Pa.Code § 61.6. That section provides, in relevant part, that:

> Upon completion of a hearing ... the Insurance Commissioner will issue an order in conformance with his findings.

31 Pa.Code § 61.6(f). Thus the adjudication is not rendered by the presiding officer, but by the Commissioner. The Commissioner and the Department clearly complied with this regulation. The appointment of another presiding officer for the Department some time after the conclusion of Petitioner's hearing is irrelevant.

■ Further, we have held that there is no denial of due process where a board or a commissioner rather than the hearing examiner who accepted evidence issues the final adjudication. In *William J. McIntire Coal Co. v. Department of Environmental Resources,* 108 Pa.Commonwealth Ct. 443, 530 A.2d 140 (1987), *petition for allowance of appeal denied,* 518 Pa. 614, 540 A.2d 536 (1988), the petitioners argued that they were denied due process because the Environmental Hearing Board's adjudication was not written by the hearing examiner:

> In support of this contention the McIntires stress the importance of the factfinder's credibility determinations. We have held that witness demeanor is not the only consideration in determining credibility and that due process does not require that administrative adjudicators be present at a hearing but only that they review the record in preparing their decisions. *Caldwell v. Clearfield County Children and Youth Services,* 83 Pa.Commonwealth Ct. 49, 476 A.2d 996 (1984). From the detailed citations to testimony and exhibits in the Board's adjudication, it is obvious that the Board reviewed the record carefully.

*Id.* at 454, 530 A.2d at 145. Our review of the Commissioner's adjudication reveals that the same observations made by this Court in *McIntire Coal Co.* can also be made in this case. We, therefore, hold that Petitioner's due process rights were not violated.

Accordingly, the order of the Commissioner is affirmed.[5]

### ORDER

NOW, January 23, 1995, the order of Cynthia M. Maleski, Insurance Commissioner in

---

4. Section 35.203 states:
   > If a presiding officer becomes unavailable to the agency, the agency head will either designate another qualified officer to prepare a proposed report or will cause the record to be certified to it for decision, as may be deemed appropriate, giving notice to the parties.
   
   1 Pa.Code § 35.203.

5. We note that the Commissioner's decision in this matter was clearly supported by substantial evidence. Travelers submitted into evidence a copy of a notice of loss prepared on June 6, 1990, which was transmitted by Petitioner's agent Pennjerdel Insurance Consultants. This notice, contained a description of the incident as reported by Petitioner, that "insured's nanny apparently traveling on under [sic] low overpass and scraped top of van while doing so." A

similar entry on another document submitted by Travelers notes a conversation with Petitioner on June 9, 1990, which states "nanny took vehicle ... [a]pparently she hit low overpass—he doesn't know details...." (Letter to Jean Callihan, Presiding Officer, 9/30/92 and attached exhibits.) Petitioner's letter in response dated October 5, 1992, only questioned the weight which should be accorded to these documents. Although he denied that he was the source of these reports, he offered no evidence other than his own speculation that the damage could have been caused by flying gravel, etc. This is neither sufficient to prove that the accident fell into one of the exclusions, nor to rebut Travelers contention that the damage was caused by collision with an overpass.

the above-captioned matter is hereby affirmed.