NORTHERN ASSOCIATES,
INC., Petitioner,

v.

STATE BOARD OF VEHICLE MAN-
UFACTURERS, DEALERS AND
SALESPERSONS, Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 1998.
Decided Feb. 17, 1999.

Frank J. Santomauro, Taylor, for petition-
er.

Thomas A. Blackburn, Harrisburg, for re-
spondent.

Before COLINS, President Judge,
KELLEY, J., and McCLOSKEY, Senior
Judge.

COLINS, President Judge.

Northern Associates, Inc. (Appellant) ap-
peals from the April 24, 1998 order of the
State Board of Vehicle Manufacturers, Deal-
ers and Salespersons (Board), which levied a
civil penalty in the amount of $2,000 upon
Appellant. The penalty was imposed as a
result of Appellant's violations of the Board
of Vehicles Act, Act of December 22, 1983,
P.L 306, *as amended,* 63 P.S. §§ 818.1–
818.28 (the Act), and for Appellant's violation
of the Board's 1987 order revoking Appel-
lant's vehicle dealer license.

The Board's findings of fact indicate that
Appellant, currently located in Taylor, Penn-
sylvania, had been the holder of a vehicle
dealer's license in the Commonwealth of
Pennsylvania, which license was revoked on
August 18, 1987. Since 1987, Appellant has
been in the business of leasing cars and
trucks and of maintaining a fleet of such
vehicles for this purpose.

On October 19, 1993, Appellant bought a new 1993 Ford pickup truck for the ostensible purpose of leasing this vehicle to one of its customers. On October 26, 1993, Appellant obtained a Pennsylvania title for the truck and, claiming the exemption applicable to holding a vehicle for leasing, did not pay any sales tax on the vehicle. The record indicates that Appellant was unable to lease the subject vehicle and, on October 27, 1993, sold it to 286 Corporation, which is also located in Taylor, Pennsylvania. As of the date of said sale, Appellant had not paid sales tax on the subject vehicle, although Appellant was no longer eligible for the leasing exemption it claimed.

As a result of the above events, on June 27, 1995, the Commonwealth charged Appellant with engaging in vehicle dealer activity without a license, and further charged that such activity violated the Board's 1987 order revoking Appellant's vehicle dealer's license. Specifically, the Board issued a notice and order to show cause alleging that Appellant had violated Sections 5(a), 10(19), and 10(27) of the Act,[1] which provide respectively as follows:

Section 5. License to engage in business

(a) License required.—To promote the public safety and welfare, it shall be unlawful for any person to engage in the business of salesperson, broker, dealer, manufacturer, factory branch, distributor, distributor branch, factory or distributor representative or wholesaler within this Commonwealth unless he has secured a license as required under this act.

63 P.S. § 818.5(a).

Section 10. Grounds for disciplinary proceedings.

The board shall have the power to formally reprimand, suspend or revoke any license or refuse to issue or renew any license of an applicant or licensee or a person re-

quired to be licensed under this act, if after due notice of and hearing, the person charged is found in violation of or fails to carry out the acts and procedures set forth in sections 5 and 8 or is found guilty of committing or attempting to commit any of the acts set forth in section 13 or any of the following acts:

. . . .

(19) Failing to obey any order of the board entered pursuant to the act.

. . . .

(27) Being a curb-stoner[2] or engaging in the business of a dealer without a license.

63 P.S. § 818.10(19) and (27).

On July 20, 1995, Appellant filed an answer with new matter in response to the Commonwealth's filing. A hearing was held before the Board on November 16, 1995, and the parties were directed to file briefs in this matter. On April 24, 1998, the Board issued an adjudication containing findings of fact, a discussion and conclusions of law, and an order imposing a civil penalty of $2,000 upon Appellant. This appeal followed.

■ Our review is limited to determining whether the Board violated Appellant's constitutional rights, committed an error of law, or based its conclusion on a material finding of fact that is not supported by substantial evidence. *Nicoletti v. State Board of Vehicle Manufacturers, Dealers and Salespersons,* 706 A.2d 891 (Pa.Cmwlth.1998).

Appellant argues that the Board erred in applying to this case, the term, "new vehicle," as it appears in Section 10(12) of the Act, 63 P.S. § 818.10(12), because no violations of Sections 10(11) or 10(12) have been alleged, and because the term, "new vehicle," is expressly limited to those sections. The Board contends that although Section 10(12)

1. These sections have been reenacted and renumbered as Sections 5(a), 19(19), and 19(27) respectively, by the Act of April 19, 1996, P.L. 104, 63 P.S. §§ 818.5(a), 818.19(19), and 818.19(27).

2. Prior to the 1996 amendment, 63 P.S. § 818.2 defined the term "curb-stoner" as follows:

Any person who, for a commission, compensation or other valuable consideration, and without being licensed in accordance with this act as a salesperson, engages in the wholesale or retail sale, exchange or purchase in one calendar year of five or more used vehicles or any new vehicle.

states that the definition, "new vehicle," must be used in certain instances, it does not prohibit applying the definition to other parts of the Act. As to whether the subject truck qualifies as a "new vehicle," the Commonwealth vehemently argued during the hearing before the Board that Sections 10(11) and 10(12) of the Act clearly defines a "new vehicle" as a vehicle that has never been titled, or if it has been titled, sales tax has not yet been paid on the vehicle.

The present record indicates that Appellant acquired the subject vehicle off of a certificate of origin, and that Appellant applied for and obtained a Pennsylvania title. However, as the Commonwealth emphasized during the hearing, tax was not paid on this vehicle prior to its sale from Appellant to 286 Corporation. The Commonwealth further concedes that a legitimate leasing rental business can indeed acquire vehicles and claim the 02 exemption (holding a vehicle for leasing). However, in this situation, Appellant claimed the exemption and immediately sold the vehicle to 286 Corporation without ever having paid sales tax on the vehicle.

■ The record does not indicate that Appellant disputes the foregoing factual allegations of the Commonwealth. Upon review, we find no merit in Appellant's arguments that it did not violate any section of the Act, and that its tax-exempt status in acquiring and maintaining vehicles for leasing allows it to withhold paying sales tax for the subject vehicle that was ultimately sold. Moreover, we concur with the Board's position that the tax exemption Appellant claims applies only to those vehicles actually leased as part of its business and not to vehicles that are sold. Once Appellant found that its planned leasing arrangements for the subject truck failed to materialize and that it would seek to sell the truck instead, it was obligated to pay the sales tax on the vehicle. In this regard, Appellant posits no reasonable explanation for failing to do so.

■ Similarly, Appellant offers no viable arguments to rebut the Board's position that by selling a vehicle on which no sales tax had been paid, Appellant was, in essence, selling a "new vehicle," an activity for which it was not licensed. The Board therefore properly found that Appellant was engaging in vehicle dealer activity without a license or acting as a "curb-stoner," in contravention of the Board's 1987 order revoking Appellant's vehicle dealer's license, and in violation of Sections 5(a) and 10(27) of the Act as alleged.

■ Finally, it is the Board's position that since Appellant no longer holds a vehicle dealer's license on which sanctions can be imposed, it is appropriate to impose a civil penalty upon Appellant. In principle the Board is correct. Section 28(c) of the Act, 63 P.S. § 818.28(c), authorizes a civil penalty "of up to $1,000," and it is reasonable to assume that said penalty was imposed for each of Appellant's violations of the Act. However, in this regard, the Board's order is vague, and it imposes upon Appellant a civil penalty of $2,000, without specifying or enumerating each of the violation(s) underlying said penalty amount. Moreover, the vagueness of this order is not consistent with the defined nature of the Board's powers, as noted in *Trailmobile, Inc. v. State Board of Manufacturers, Dealers and Salespersons*, 148 Pa. Cmwlth. 600, 612 A.2d 574, 576 (1992), *petition for allowance of appeal denied*, 535 Pa. 664, 634 A.2d 226 (1993), wherein this Court stated:

> The Act grants certain disciplinary powers to the Board. When the Board determines that a violation of the Act has been committed it may formally reprimand, suspend the license of, or refuse to issue or renew the license of the violator. Additionally, Section 19 of the Act provides that the Board may levy a civil penalty of $1,000 upon any current licensee who violates a provision of the Act.
>
> We reject Tri–State's request for additional relief because the Act is specific in its grant of power to the Board. We have already stated that the power and authority to be exercised by administrative commissions must be conferred clearly and unmistakably by the Legislature; a doubtful power does not exist.

(citations omitted.)

Accordingly, we vacate the Board's order insofar as it imposes a $2,000 civil penalty upon Appellant without specifying the pre-

cise violations of the Act warranting this penalty, and we remand this matter to the Board to render an order sufficiently specific as to be consistent with the Board's disciplinary powers conferred by the Act.

### *ORDER*

**AND NOW,** this 17th day of February, 1999, the April 24, 1998 order of the State Board of Vehicle Manufacturers, Dealers and Salespersons in the above-captioned matter is **VACATED** insofar as it levies a civil penalty in the amount of $2,000 upon Appellant without specifying the precise violations of the Act warranting this penalty; and further, the matter is **REMANDED** to the Board which is directed to render an order sufficiently specific as to be consistent with the disciplinary powers conferred by the Act.

Jurisdiction relinquished.