**Joseph R. PELLIZZERI and Joseph's Auto Center, Petitioners,**

v.

**BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 9, 2004.

Decided Aug. 18, 2004.

Craig A. Sopin, Philadelphia, for petitioners.

Thomas A. Blackburn, Harrisburg, for respondent.

BEFORE: PELLEGRINI, J., LEAVITT, J., and McCLOSKEY, Senior Judge.

OPINION BY Judge LEAVITT.

Joseph R. Pellizzeri (Pellizzeri) and Joseph's Auto Center petition for review of an adjudication of the State Board of Vehicle Manufacturers, Dealers and Salespersons (Board). Upon remand from this Court, the Board confirmed the revocation of Pellizzeri's salesperson license and Joseph's Auto Center's dealer license, and it imposed a civil penalty of $1,000.

Pellizzeri is a vehicle salesperson, who owns and operates Joseph's Auto Center, a vehicle dealership. Pellizzeri and Joseph's Auto Center were issued licenses pursuant to the Board of Vehicles Act (Act), Act of December 22, 1983, P.L. 306, *as amended*, 63 P.S. §§ 818.1–818.37. Pellizzeri was originally issued a salesperson's license on May 28, 1981, and it expired on May 31, 1995. On February 4, 2001, Pellizzeri's salesperson's license was renewed, and he was active as a salesperson until it was revoked on February 19, 2002, by an adjudication of the Board. Joseph's Auto Center, the dealership in which Pellizzeri was a principal, was originally issued a dealer's license on December 16, 1974, and it expired on May 31, 1997. The dealer's license was never renewed.

On May 9, 2000, the Department of State (Department) initiated an enforcement action against Pellizzeri and Joseph's Auto Center. After several intervening proceedings, which are more fully set forth at *Joseph R. Pellizzeri and Joseph's Auto Center v. State Board of Vehicle Manufacturers, Dealers and Salespersons* (No. 700 C.D.2002, filed December 19, 2002) (*Pellizzeri I*), the Board issued an adjudication on February 19, 2002, concluding that Pellizzeri violated the following provisions of the Act: (1) Section 5(a)(1)[1] by engaging in the business of a vehicle salesperson and dealer after the licenses had expired; (2) Section 25[2] by failing to return the salesperson license and the dealer license within ten days after termination of employment or business; and (3) Section 19(7)[3] by engaging in unprofessional or incompetent conduct in the sale of vehicles.[4] Because of the seriousness of the offenses and the lack of any substantial mitigating evidence, the Board levied a fine on Pellizzeri in the

---

1. Section 5(a)(1) of the Act provides,

   **(a) License required.—**
   (1) To promote the public safety and welfare, it shall be unlawful for any person to engage in the business as a salesperson, dealer, branch lot, wholesale vehicle auction, public or retail vehicle auction, manufacturer, factory branch, distributor, distributor branch, factory representative or distributor representative or distributive representative within this Commonwealth unless the person has secured a license as required under this act.
   63 P.S. § 818.5(a)(1).

2. Section 25 of the Act provides,

   **(a) Salesperson's license to be surrendered after termination of employment.—**Within ten days after termination of employment, the dealer shall surrender that salesperson's license to the board. If the license is not in the dealer's possession, then it will be the responsibility of the salesperson to return the license to the board.
   **(b) Dealer's, branch lot or vehicle auction license to be surrendered after termination of business.—**Within ten days after termination of business activities, the dealer, branch lot or vehicle auction shall surren-

der to the board all of its licenses and its salespersons' licenses issued by the board.
63 P.S. § 818.25.

3. Section 19(7) of the Act provides,

   In addition to any criminal or civil penalties otherwise provided in this act, the board shall have the power to formally reprimand, suspend or revoke any license or refuse to issue or renew any license of an applicant or licensee or a person required to be licensed under this act, if after due notice of and hearing, the person charged is found in violation of or fails to carry out the acts and procedures set forth in this act or is found guilty of committing or attempting to commit any of the acts set forth in section 23 or any of the following acts:
   * * *
   (7) Having committed any act or engaged in conduct in connection with the sale of vehicles which clearly demonstrates unprofessional conduct or incompetency to operate as a licensee under the act.
   63 P.S. § 818.19(7).

4. It should be noted that Pellizzeri did not contest these violations in *Pellizzeri I*, only whether the evidence he presented mitigated the violations. *See Pellizzeri I.*

amount of $7,500 and revoked his salesperson's license. Pellizzeri and Joseph's Auto Center then petitioned this Court for review.

On appeal, Pellizzeri argued that the Board exceeded its authority under the Act by imposing a penalty in the amount of $7,500 and that the Board's revocation of his salesperson's license was excessive in light of the mitigating evidence presented at the hearing. This Court agreed that the penalty imposed by the Board exceeded the maximum allowed under the statute, but it did not disturb the Board's decision to revoke Pellizzeri's license. Accordingly, the Court vacated the Board's order and remanded it back to recalculate the civil penalty in accordance with the opinion. The Board petitioned the Supreme Court for allowance of an appeal, but it was denied. Pellizzeri did not file a petition for allowance of appeal or a cross-petition for allowance of appeal.

On January 13, 2004, the Board issued its remand adjudication.[5] Upon consideration of the seriousness of Pellizzeri's violations and the lack of any substantial mitigating evidence, the Board concluded that, in addition to the revocation of Pelliz-

zeri and Joseph's Auto Center licenses, the protection of the public required the Board to impose the maximum civil penalty of $1,000 upon Pellizzeri, the maximum allowed by statute as found by this Court in *Pellizzeri I*. The Board issued its adjudication on January 13, 2004, to be effective on February 12, 2004. By Supplemental Order of February 13, 2004, the Board clarified that the effective date of the license revocations was March 21, 2002.

On appeal to this Court,[6] Pellizzeri and Joseph's Auto Center present two arguments for our review.[7] They first argue that the Board's delay in addressing this Court's remand order prejudiced Pellizzeri. Specifically, they contend that because the Board members changed between *Pellizzeri I* and the remand, the Board should have conducted a new evidentiary hearing.[8] Second, Pellizzeri and Joseph's Auto Center argue that the Supplemental Order issued by the Board on February 13, 2004, clarifying the date of the license revocations was not authorized by the Pennsylvania Rules of Appellate Procedure and, therefore, *void ab initio.*

We do not agree that the Board's remand adjudication was untimely.[9] Un-

---

5. The Board incorporated by reference the findings of fact and conclusions of law of its adjudication of February 19, 2002, that related to the license revocations of Pellizzeri and Joseph's Auto Center. With respect to the imposition of a civil penalty upon Pellizzeri, the Board did not incorporate by reference the first adjudication. Rather, in accordance with this Court's order, it ordered a new civil penalty.

6. Our review is limited to determining whether the Board violated Appellant's constitutional rights, committed an error of law, or based its conclusion on a material finding of fact that is not supported by substantial evidence. *Northern Associates, Inc. v. State Board of Vehicle Manufacturers, Dealers and Salespersons*, 725 A.2d 857 (Pa.Cmwlth.1999).

7. Joseph's Auto Center participates only in the argument relating to the calculation of credit for the period of license suspension. Pellizzeri Brief at 8, n. 3.

8. Pellizzeri also presents an argument on waiver. He references documents outside the certified record, which cannot be considered by this Court. An appellate court is limited to considering only those facts which have been duly certified in the record on appeal. *Berninger v. Workers' Compensation Appeal Board (East Hempfield Township)*, 761 A.2d 218 (Pa. Cmwlth.2000). Thus, the documents, and the argument relating thereto, cannot be considered because they are not part of the certified record.

9. The Board argues that Pellizzeri's first issue has been waived for failure to cite to any

der Pa. R.A.P. 1736(b),[10] the Board is entitled to an automatic supersedeas upon filing of a petition for allowance of appeal. *Public Advocate v. Philadelphia Gas Commission*, 166 Pa.Cmwlth. 41, 646 A.2d 19, 21 (1994). As such, any action by the Board upon this Court's remand in *Pellizzeri I* was stayed. After the allowance of appeal was denied, the record was returned to the Board on December 12, 2003. On January 13, 2004, the Board issued its remand adjudication. This is not untimely.

■■ Further, the Board was not required to hold a new evidentiary hearing when the Board's composition changed. A fact finder's observation of the demeanor of a witness is important in determining credibility but this Court has held that administrative adjudicators may determine credibility from the reading of a transcript. *Cavanaugh v. Fayette County Zoning Hearing Board*, 700 A.2d 1353 (Pa. Cmwlth.1997). Administrative agencies often use a system of adjudication where a hearing examiner or presiding officer takes evidence and the ultimate fact finder is a board or commission, which has the power to make findings of fact based solely on a review of the record. *See, e.g., Kramer v. Department of Insurance*, 654 A.2d 203 (Pa.Cmwlth.1995) (presiding officer conducted an evidentiary hearing, but the adjudication was issued by the Insurance Commissioner). Having a case adjudicated by a person who did not hear the testimony does not deny a litigant due process of law. *A.O. v. Department of Public Welfare*, 838 A.2d 35 (Pa.Cmwlth. 2003).

Here, the Board "considered the entire record of the proceedings" and issued its adjudication upon the entire record. Order, January 13, 2004 at 1; Reproduced Record at A–22 (R.R. ——). That this review was done is apparent from the thorough discussion in the adjudication. The Board was not required to observe witness demeanor in order to establish an appropriate civil penalty.

■ The second issue raised by Pellizzeri and Joseph's Auto Center is that the Board's imposition of a license revocation effective February 13, 2004, was unreasonable because they had been receiving "credit" since March 21, 2002 for the revocation of his license.[11] Under the statute, a putative licensee must wait five years after a license revocation to apply for a new license. The Board's Supplemental Order clarified that the effective date of the license revocation was March 21, 2002, the very date sought by Pellizzeri and

authority or develop any argument through citations to legal authority. *Zalewski v. Department of Transportation, Bureau of Driver Licensing*, 767 A.2d 19, 25 n. 15 (Pa.Cmwlth. 2001). This may be true, but we address the issue on the merits.

10. Pa. R.A. P. 1736(b) provides:
    Unless otherwise ordered pursuant to this chapter the taking of an appeal by any party specified in Subdivision(a) [The Commonwealth or any officer thereof, acting in his official capacity.] of this rule shall operate as a supersedeas in favor of such party. Pellizzeri and Joseph's Auto Center could have moved to vacate the automatic supersedeas, but they did not.

11. Section 21 of the Act provides that a licensee may apply for a license to resume operating as a licensee after a period of five years. It specifically provides:

    Unless ordered to do so by a court, the board shall not reinstate the license of a person that has been revoked and such person shall be required to apply for a license after a period of five years in accordance with section 22 if he desires to resume operating as a licensee at any time after such revocation.

    63 P.S. § 818.21(b).

Joseph's Auto Center. Nonetheless, they believe the Supplemental Order was *void ab initio* and seek a remand.

In general an agency may take no further action in a matter after a petition for review has been filed. Pa. R.A.P. 1701(a).[12] However, there are exceptions to this general principle. Pa. R.A.P. 1701(b) provides in relevant part:

> After an appeal is taken or review of a quasijudicial order is sought, the trial court or other *government unit may:*
>
> (1) *Take such action as may be necessary to* preserve the status quo, *correct formal errors in papers relating to the matter,* ... and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

Pa. R.A.P. 1701(b) (emphasis added). Such corrections include technical, non-substantive amendments to an order that have no effect on the appeal or petition for review and cannot prompt a new appealable issue. *Pennsylvania Industrial Energy Coalition v. Pennsylvania Public Utility Commission,* 653 A.2d 1336, 1344 (Pa.Cmwlth.1995). More specifically, where the adjudicator's action does not require the exercise of discretion, the computation is a clerical matter based on the face of the record and no fact finding is required, the amendment to an order under appeal is allowed. *Fish v. Gosnell,* 316 Pa.Super. 565, 463 A.2d 1042, 1052 (1983).

Here, the Board's revocation of the licenses of Pellizzeri and Joseph's Auto Center was done on March 21, 2002. The revocation was affirmed by this Court in *Pellizzeri I,* and it was not appealed by Pellizzeri or Joseph's Auto Center. The

Supplemental Order clarifying and confirming that the license revocations became effective March 21, 2002, did not involve the exercise of discretion. The Board merely corrected a clerical error evident from the record before it, and its Supplemental Order had no effect on Pellizzeri's appeal rights. In short, the Supplemental Order was authorized by Pa. R.A.P. 1701(b)(1).

For these reasons, the adjudication of the Board, as clarified by the Supplemental Order of February 13, 2004, is affirmed.

### ORDER

AND NOW, this 18th day of August, 2004 the order of the Bureau of Professional and Occupational Affairs dated January 13, 2004, as clarified by the supplemental order of February 13, 2004, is hereby affirmed.

---

12. Pa. R.A.P. 1701(a) provides:
    Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other *government unit may no longer* proceed further in the matter.