IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Yuriy Klimin, | : | **CASES CONSOLIDATED** |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Bureau of Professional and | : | |
| Occupational Affairs, State Board | : | |
| of Vehicle Manufacturers, Dealers | : | |
| and Salespersons, | : | |
| Respondent | : | No. 163 C.D. 2025 |
| | | |
| A Impuls Auto, Inc., | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Bureau of Professional and | : | |
| Occupational Affairs, State Board | : | |
| of Vehicle Manufacturers, Dealers | : | |
| and Salespersons, | : | No. 164 C.D. 2025 |
| Respondent | : | Submitted: April 13, 2026 |


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  May 15, 2026

In these consolidated appeals, Yuriy Klimin (Klimin)[1] and A Impuls Auto, Inc. (Impuls)[2] (collectively, Petitioners) petition for review of the Department of State Bureau of Professional and Occupational Affairs (Department), State Board of Vehicle Manufacturers, Dealers and Salespersons' (Board) January 16, 2025 final adjudication and order revoking Impuls's vehicle dealership license, indefinitely suspending Klimin's vehicle salesperson license for no less than one year, and imposing a $10,000 civil penalty against him. After careful review, we affirm.

## BACKGROUND

On June 6, 2022, the Department filed an order to show cause (OSC) against Impuls, alleging six violations of the Board of Vehicles Act (Act).[3] On June 7, 2022, the Department filed an OSC against Klimin, claiming four violations of the Act. Both OSCs involved an operation between Klimin, Impuls, and an unlicensed third entity owned by Klimin, Great Auto Deals, Inc. (Great Auto),[4] whereby Impuls allegedly allowed Klimin to purchase automobiles with its dealer license, and Klimin would subsequently sell the vehicles at another location under the name Great Auto.

On July 19, 2022, Impuls filed its answer to the OSC. On August 8, 2022, the Department filed a consolidation motion. On August 11, 2022, the Department filed a Motion to Deem Facts Admitted (MDFA). On August 29, 2022, the Board denied the consolidation motion. On September 2, 2022, Klimin filed an answer. On

---

[1] Klimin held a license to practice as a vehicle salesperson from September 11, 2009, until his license expired on May 31, 2023. Reproduced Record (R.R.) at 595a.

[2] Impuls is a licensed Pennsylvania vehicle dealership, authorized to conduct business only at 4700 Torresdale Avenue, Philadelphia, PA 19124. R.R. at 568a.

[3] Act of October 24, 2018, P.L. 816, *as amended*, 63 P.S. §§ 818.101–818.704.

[4] The Department also filed an OSC against Great Auto; however, Great Auto did not file an appeal with this Court.

September 9, 2022, the Board denied the MDFA. On November 7, 2022, the Board denied a second consolidation request by the Department and ordered these matters to be heard separately.

A hearing examiner conducted a two-day administrative hearing in the Klimin matter on January 20, 2023 and March 16, 2023, which the parties subsequently adopted for the Impuls matter. The Department presented testimony from four witnesses, including Klimin, and introduced several exhibits without objection. Certified Record (C.R.) at 79-262, 561-622.[5] Klimin testified to being employed by Impuls and using Impuls's dealership license, to purchase vehicles at vehicle auctions. *Id.* at 199-200. Klimin indicated the vehicles he purchased were titled under Impuls. *Id.* at 201. Klimin testified he believed Great Auto was "the same company [as Impuls.] It's [D]BA." *Id.* at 200. Klimin testified to being the exclusive salesperson for his business, Great Auto. *Id.* at 196-99. Klimin did not dispute using Impuls's license, over a period of several years, to buy and sell vehicles under the name Great Auto by way of an internet site. *Id.* at 578-79. Klimin testified to advertising and selling between two to three cars per week. *Id.* at 197. Klimin testified that all proceeds from vehicles sold from website sales "go under my account, Yuriy Klimin," and did not go to Impuls. *Id.* at 208. Klimin testified to keeping all paperwork for vehicle sales by Great Auto at its business address[6] for approximately one year before transferring them to Impuls for storage. *Id.* at 205-06. Klimin stated he sold cars at both the Great Auto and Impuls locations. *Id.* at

---

[5] We have assigned page numbers to the certified record for ease of citation. The assigned page numbers correlate to our electronic record.

[6] Great Auto is located at 1 Bank Street, Hatboro, PA 19040. R.R. at 568a. This is also Klimin's last known address on file with the Board. *Id.*

204-05. Klimin testified to having approximately 200 sales jackets at Great Auto from the year 2022. *Id.* at 203-04.

The Department also presented testimony from Yudik Aysenshteyn (Aysenshteyn), a 91-year old retired vehicle dealer, who described himself as the "manager of Impuls," and testified Impuls was only licensed to conduct vehicle sales at 4700 Torresdale Avenue. *Id.* at 569-72. He testified each Impuls salesperson received seven to eight dealer tags from Impuls to purchase vehicles from auction. *Id.* at 579. According to Aysenshteyn, each salesperson engaged in vehicle sales kept the profit from those sales in a personal account. *Id.* at 590-91. Aysenshteyn did not retain paperwork for the salespersons licensed under Impuls. *Id.* at 574. Aysenshteyn testified Impuls employed Klimin as a salesperson, and Impuls permitted him to sell vehicles for his personal profit. *Id.* at 577-78. He also testified to knowing Klimin advertised and sold an unknown number of vehicles online, purchased under Impuls's license, under the name Great Auto. *Id.* at 578-80. Overall, Aysenshteyn did not know the total number of vehicles titled to Impuls or sold by Impuls. *Id.* at 580.

Additionally, the Department presented testimony from two investigators for the Pennsylvania Department of State, Bureau of Enforcement and Investigations, Maria Kanoff (Kanoff) and Lawrence Rawle (Rawle). Kanoff testified regarding several advertisements for used vehicles offered for sale online, and sold by Klimin, under the name Great Auto. *Id.* at 99-126. Rawle testified to the ongoing nature of these investigations since late 2019 or early 2020 and to having met with Klimin several times. *Id.* at 173. Rawle testified when he first visited the Impuls location in February of 2020, he observed a couple smashed-up vehicles and an office with no working telephone and no sales jackets. *Id.* at 165-66. When he last visited the

Impuls location in May of 2022, he observed a business entitled "Stackz Rental Car," as opposed to a car dealership or signage for Impuls. *Id.* at 88-89, 600. Upon entering the building, he did not observe licenses for the Impuls dealership or its 15 vehicle salespersons, or sales jackets for Impuls vehicles. *Id.* at 600-02. Beginning in 2020, and ending in May of 2022, Rawle met with Aysenshteyn several times. *Id.* at 601. Rawle testified even though Aysenshteyn renewed Impuls's license, Aysenshteyn stated he did not know the location of the license. *Id.* at 601-02. Rawle testified as of the hearing date, Aysenshteyn did not provide requested vehicle sale information. *Id.* at 168, 603.

In a proposed adjudication and order filed September 7, 2023, the hearing examiner found Klimin violated the following sections of the Act: Sections 318(6) (false, deceptive or misleading advertising of vehicles), 318(14) (engaging in business without an established place of business), 318(26) (violating the provision of the Act prohibiting operating without a license as required under the Act), and 318(27) (operating without a license required under the Act); and Impuls violated the following sections of the Act: Sections 318(6) (false, deceptive or misleading advertising of vehicles), 318(14) (engaging in business without an established place of business), 318(20) (allowing another individual to operate on its license in violation of the Act), 318(32) (willfully permitting an individual to buy, sell or exchange vehicles for the individual's own benefit under the dealer's license), 318(34) (conducting business as a dealer under a name other than the registered name or at any location other than authorized by its license), and 318(37) (failing to produce business records upon request of a board agent).[7]

---

[7] 63 P.S. § 818.318(6), (14), (20), (26), (27), (32), (34), and (37).

Specifically, the hearing examiner determined Klimin's use of his unlicensed vehicle dealership, Great Auto, to advertise and/or sell vehicles violated the Act. Reproduced Record (R.R.) at 579a. Additionally, the hearing examiner concluded Klimin violated the Act by using Impuls's license for his own profit, and by selling the vehicles at a different location from Impuls's physical address. *Id.* Regarding Impuls, the hearing examiner concluded its business model was "abjectly bad," as it maintained no records of purchases or sales, which "effectively created a system where salespersons could operate unregulated as dealerships." *Id.* at 580a. Based upon Rawle's testimony, the hearing examiner determined Impuls "is a shell dealership that is no longer in operation," and its poor management permitted Klimin to use Impuls dealer plates to purchase vehicles for his own profit. *Id.* Overall, the hearing examiner concluded "[t]his scheme allowed . . . Klimin and Great Auto to operate outside the oversight of the . . . Board and evade all requirements for licensees which prevented transparency to the public." *Id.*

In reaching this determination, the hearing examiner specifically rejected Klimin's defense that Great Auto "was a d/b/a (or doing business as)" for Impuls. *Id.* The hearing examiner noted Klimin did not offer sufficient evidence in support of this claim. *Id.* To the contrary, the Department presented evidence that Great Auto was its own corporation. *Id.* Additionally, the hearing examiner explained Pennsylvania law expressly forbids the use of a fictitious name by an otherwise registered domestic corporation. *Id.* at 580a-81a (citing 54 Pa.C.S. § 311(e)). Moreover, the hearing examiner considered Rawle's testimony regarding the ongoing nature of these investigations since late 2019 or early 2020, and Rawle's meetings with Klimin and Aysenshteyn on several occasions. *Id.* at 581a. The hearing examiner also noted Klimin's testimony concerning why he did not obtain a

6

vehicle dealer license for Great Auto, specifically his statement, "I thought about it, but it's extra steps which I truly believe was unnecessary." *Id.* From the hearing examiner's perspective:

> This is when [Petitioners] went from sympathetic, plucky underdogs to manipulative and obstinate. Klimin was successfully impeached about vehicle sales, initially saying that he advertised two or three cars a week to admitting that he had several hundred sales jackets for 2022 alone. To the filing of the post-hearing briefs, the [Department] asserts that it still does not know how many cars were sold here.

*Id.* at 581a n.16. The hearing examiner concluded Klimin knew of the alleged violations with the filing of the OSC in 2021, but continued to advertise and sell vehicles through Great Auto even through the date of the hearing. *Id.* at 581a.

Ultimately, the hearing examiner recommended revocation of Impuls's vehicle dealer license, indefinite suspension of Klimin's vehicle salesperson license for at least one year, and imposition of a $10,000 civil penalty against him. *Id.* at 582a-83a. On October 4, 2023, Petitioners filed a brief on exceptions to the hearing examiner's proposed adjudication and order. The Department filed a brief opposing exceptions on November 6, 2023.

The Board considered the entire record of these matters in December 2023 and approved its final adjudication and order on January 16, 2025. Aside from amending the hearing examiner's findings of fact to update the expiration of Klimin's vehicle salesperson's license, the Board adopted the hearing examiner's findings of fact, conclusions of law, and discussion in full as to Petitioners.[8] Final Adjudication at 595a. Consequently, the Board revoked Impuls's vehicle dealer

---

[8] Additionally, and unrelated to these appeals, the Board rejected a conclusion of law concerning Great Auto. R.R. at 596a.

7

license, indefinitely suspended Klimin's vehicle salesperson license for at least one year, and assessed a $10,000 civil penalty against Klimin. *Id.* at 603a.

Petitioners appeal from this order, presenting two questions for our consideration: (i) whether the Board's final adjudication is supported by substantial evidence, and (ii) whether the Board abused its discretion in imposing a civil penalty against Klimin.

## DISCUSSION

This Court can only overturn a discretionary decision of the Board, such as issuing a civil penalty, where the Board has acted in bad faith, fraudulently or capriciously, or if it has committed an abuse of discretion. *See Kobylski v. Milk Mktg. Bd.*, 624 A.2d 770, 772 (Pa. Cmwlth. 1993). An abuse of discretion exists when the prior judgment is manifestly unreasonable, arbitrary, or capricious, or the Board has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will. *See Coker v. S.M. Flickinger Co.*, 625 A.2d 1181, 1184-85 (Pa. 1993).

To support their argument regarding the lack of substantial evidence, Petitioners contend the Department failed to show harm or confusion to consumers in contravention of the Act. Petitioners' Br. at 18. Additionally, Klimin now denies acting as a salesperson for Great Auto. *Id.* at 20. Further, Petitioners assert all of Impuls's sales occurred online, and the "Board's archaic mandate [regarding established place of business] ignores [a] real-world digital footprint." *Id.* at 18, 21. Finally, Petitioners concede not producing all business records requested by the Department; however, they contend "a dearth of records . . . were provided . . . [and] . . . [t]his appears to be a picayune violation." *Id.* at 21.

Substantial evidence is regularly defined as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Hammad v.*

8

*Bureau of Pro. & Occupational Affs., State Bd. of Veterinary Med.*, 124 A.3d 374, 380 n.7 (Pa. Cmwlth. 2015). "In determining whether substantial evidence exists, we view the record in the light most favorable to the party that prevailed before the Board, and give that party the benefit of all reasonable inferences that can be drawn from the evidence." *Kiskadden v. Pa. Dept. of Env. Prot.*, 149 A.3d 380, 387 (Pa. Cmwlth. 2016). The Board is the ultimate finder of fact and "may determine credibility from the reading of a transcript[;]" ergo, we cannot override the Board's discretion and substitute our own. *Pellizzeri v. Bureau of Pro. & Occupational Affs.*, 856 A.2d 297, 301 (Pa. Cmwlth. 2004). We shall affirm the Board's order unless we find the Board abused its discretion, exceeded its authority, and/or misapplied the law. *See Burnworth v. State Bd. of Vehicle Mfrs., Dealers & Salespersons*, 589 A.2d 294, 297 (Pa. Cmwlth. 1991).

Here, the Board cited substantial evidence regarding the deceptive business practices, harmful to consumers, perpetrated by Klimin and Impuls. For instance, regarding Klimin, the record reveals he did not dispute using Impuls's license to buy and sell vehicles on the internet under the unlicensed dealer, Great Auto. Klimin and Aysenshteyn agreed this practice occurred for several years, and Klimin retained the proceeds from the sales. Klimin also testified to selling vehicles at the address associated with Great Auto. Regarding Impuls, Aysenshteyn testified Impuls permitted as many as 15 salespersons, including Klimin, to use its license to buy and sell vehicles for their own profit. Aysenshteyn admitted Impuls did not maintain an established place of business, and did not properly maintain sales records. Aysenshteyn also testified to knowing Klimin used Impuls's license to sell vehicles online under the name of Klimin's unlicensed dealership. The Board relied upon Klimin's and Aysenshteyn's admissions in reaching its decision, and fully adopted

9

the hearing examiner's characterizing of them as "manipulative and obstinate." R.R. at 581a n.16. We cannot disturb the Board's credibility determination to substitute our own. *Pellizzeri*, 856 A.2d at 301. Insofar as Petitioners request this Court reweigh the evidence, we decline to do so. We conclude their substantial evidence argument lacks merit.

To the extent Klimin thinks the law is outdated, he would need to implore the legislature to change the law. This Court's role is simply to apply the law. To the extent Impuls admits it did not provide all requested records, the Board properly found a violation of Section 318(37).[9] Again, if Impuls disagrees with the law, this is something Impuls must advance with the legislature rather than this Court. Thus, we find substantial evidence to support the Board's adjudication.

Finally, we address whether the Board abused its discretion in imposing a civil penalty of $10,000 against Klimin. Klimin contends he "was given the largest penalty available and his license was suspended indefinitely." Petitioners' Br. at 25. As such, Klimin argues "[b]oth forms of punishment are inappropriate and unwarranted and should be set aside." *Id.* This Court cannot reweigh evidence or reassess the reasonableness of a sanction imposed by the Board. *Slawek v. Bd. of Med.l Ed. and Licensure*, 586 A.2d 362, 366 (Pa. 1991).

Here, the Board found Klimin violated four sections of the Act. The Board considered the extent of Klimin's violations, which involved the sales of hundreds of vehicles through his unlicensed dealership, continuing even after the filing of the OSC and through the time of the hearing. The Board also considered his choice to forego licensing Great Auto due to the "extra steps," which he perceived as

---

[9] 63 P.S. § 818.318(37).

10

"unnecessary."  The Board could have imposed a $40,000 fine, but did not do so.[10] Where, as here, the record adequately supports the Board's adjudication, we cannot find an abuse of discretion.

## CONCLUSION

Based on the foregoing, we affirm the Board's final adjudication and order of January 16, 2025.

 

 

_____

STACY WALLACE, Judge

---

[10] The Act authorizes "a civil penalty of up to $10,000 per violation on a licensee or unlicensed person who violates a lawful disciplinary order of the [Board]."  63 Pa.C.S. § 3108(b)(1).

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Yuriy Klimin, | : | **CASES CONSOLIDATED** |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Bureau of Professional and | : | |
| Occupational Affairs, State Board | : | |
| of Vehicle Manufacturers, Dealers | : | |
| and Salespersons, | : | |
| Respondent | : | No. 163 C.D. 2025 |
| | | |
| A Impuls Auto, Inc., | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Bureau of Professional and | : | |
| Occupational Affairs, State Board | : | |
| of Vehicle Manufacturers, Dealers | : | |
| and Salespersons, | : | No. 164 C.D. 2025 |
| Respondent | : | |

# **O R D E R**

**AND NOW**, this 15th day of May 2026, the January 16, 2025 final adjudication and order of the Bureau of Professional and Occupational Affairs, State Board of Vehicle Manufacturers, Dealers and Salespersons is **AFFIRMED**.

_____
STACY WALLACE, Judge